**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ASUS Technology Licensing Inc. and Celerity IP, LLC, <br>           *Plaintiffs*, <br><br>       v. <br><br> Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America, <br>           *Defendants*. | Civil Action No.: 2:23-cv-409 <br><br> Jury Trial Demanded |
| Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America, <br>           *Counterclaim-Plaintiffs*, <br><br>       v. <br><br> ASUS Technology Licensing Inc., Celerity IP, LLC, and ASUSTeK Computer, Inc., <br>           *Counterclaim-Defendants*. | |

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT,**
**COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT**

Defendants Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Research America ("SRA") (collectively "Defendants" or "Samsung") hereby answer the Amended Complaint filed by Plaintiffs ASUS Technology Licensing Inc. and Celerity IP, LLC ("Plaintiffs"). Except as expressly set forth and admitted below, Defendants deny each and every allegation in the Complaint.

**NATURE OF THE ACTION**

1.  Defendants admit that the Amended Complaint purports to seek a judgment of and relief for patent infringement. Defendants admit that Exhibits A-E appears to be copies of U.S.

Patent No. 10,187,878 ("the '878 Patent"), 11,291,052 ("the '052 Patent"), 10,104,658 ("the '658 Patent"), 10,785,759 ("the '759 Patent"), and 10,986,585 ("the '585 Patent) (collectively the "Patents-in-Suit"). Except as so admitted, denied.

## THE PARTIES

2.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

3.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

4.   Admitted: SEC is a corporation organized and existing under the laws of the Republic of Korea, with its principal place of business located at 129 Samsung-ro, Maetan-3dong, Yeongtong-gu, Suwon-si, Gyeonggi-do, 16677, Korea.

5.   Defendants admit that SEA is a corporation organized and existing under the laws of New York, with its principal place of business located at 85 Challenger Road, Ridgefield Park, New Jersey 07660. Defendants admit that SEA is registered to do business in Texas under File Number 0011028006 and that June 10, 1996 is the effective registration date. Defendants admit that SEA's registered agent is CT Corporation System, located at 1999 Bryan St., Ste. 900, Dallas, Texas 75201. Defendants admit that SEA is a subsidiary of SEC. Except as so admitted, denied.

6.   Defendants admit that SRA is a corporation organized and existing under the laws of California. Defendants admit that SRA is registered to do business in Texas under File Number 0801541089 and that January 26, 2012 is the effective registration date.  Defendants admit that SRA's registered agent is CT Corporation System, located at 1999 Bryan St., Ste. 900, Dallas, Texas 75201. Defendants admit that SRA is a subsidiary of SEC. Except as so admitted, denied.

## JURISDICTION AND VENUE

7.      Defendants admit that the Complaint purports to state a claim of patent infringement, and Defendants do not contest, for purposes of this case only, subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Defendants deny that there is any legal or factual bases for Plaintiffs' claims. To the extent Plaintiffs do not have substantially all rights in the Asserted Patent, Defendants deny that Plaintiffs have standing to bring this lawsuit, and thus deny that this Court has subject matter jurisdiction over this dispute.

8.      The allegations in this paragraph contain legal conclusions to which no response is required. To the extent that a response is required, and for the purposes of this litigation only, Defendants do not contest that this Court has personal jurisdiction. Except as so admitted, denied.

9.      Defendants admit that SEA and SRA are registered to do business in Texas and maintain an agent authorized to receive service of process within Texas. Defendants admit that SEA and SRA conduct business in this District. Defendants admit that SEC is the parent corporation of Defendants SEA and SRA. Samsung admits that SEC and SEA place products in the stream of commerce knowing or understanding that such products would be sold and used in the United States, including in this District. Except as so admitted, denied.

10.     The allegations in this paragraph contain legal conclusions to which no response is required. To the extent that a response is required, and for the purposes of this litigation only, Defendants do not contest that venue is proper in this District. Defendants admit that SEA and SRA conduct business in this District and maintain regular places of business in this District, and that SEC is a foreign company with no place of business in the United States. Except as so admitted, denied.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

12. Defendants admit that this paragraph contains quotes from an SEA press release (https://news.samsung.com/us/samsung-electronics-america-open-flagship-north-texas-campus/), which speaks for itself. Defendants admit that SEA has places of business in this district. Defendants admit that this paragraph purports to quote what appears to be an article published by the Dallas Morning News, which speaks for itself. Except as so admitted, denied.

13. Defendants admit that SRA maintains an office in Plano, Texas. Defendants admit that this paragraph appears to contain a screenshot taken from the website https://sra.samsung.com/locations/. Defendants deny that this is a current screenshot of the website https://sra.samsung.com/locations/. Defendants deny that SRA has a place of business at 6625 Excellence Way, Plano, Texas 75023. Except as so admitted, denied.

14. Defendants admit that there is a Samsung Experience Store at 2601 Preston Rd. #1214, Frisco, Texas 75034. Defendants admit that this paragraph appears to contain a screenshot taken from the website https://www.samsung.com/us/samsung-experience-store/locations/, which speaks for itself, Defendants admit that this paragraph quotes part of the content of the website, https://www.samsung.com/us/samsungexperience-store/, which speaks for itself. Except as so admitted, denied.

15. Defendants admit that SEA and SRA conduct business in this District. Except as so admitted, denied.

16. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that this paragraph contains quotes from pleadings in other cases, which speak for themselves.

17. The allegations in this paragraph contain legal conclusions to which no response is required. To the extend a response is required: denied.

**PATENTS-IN-SUIT**

18.     Defendants admit that on its face, U.S. Patent No. 10,187,878 ("the '878 Patent") is titled "Method and Apparatus For Improving A Transmission Using A Configured Resource In A Wireless Communication System" and bears an issue date of January 22, 2019. The remaining allegations in this paragraph contain legal conclusions to which no response is required.

19.     Defendants admit that on its face, U.S. Patent No. 11,291,052 ("the '052 Patent") is titled "Method and Apparatus For Improving Msg3 Transmission of Random Access Procedure in a Wireless Communication System" and bears an issue date of March 29, 2022. The remaining allegations in this paragraph contain legal conclusions to which no response is required.

20.     Defendants admit that on its face, U.S. Patent No. 10,104,658 ("the '658 Patent") is titled "Method and Apparatus For Delivery of Control Signaling in a Wireless Communication System" and bears an issue date of October 16, 2018. The remaining allegations in this paragraph contain legal conclusions to which no response is required.

21.     Defendants admit that on its face, U.S. Patent No. 10,785,759 ("the '759 Patent") is titled "Method and Apparatus for Determining Numerology Bandwidth in a Wireless Communication System" and bears an issue date of September 22, 2020. The remaining allegations in this paragraph contain legal conclusions to which no response is required.

22.     Defendants admit that on its face, U.S. Patent No. 10,986,585 ("the '585 Patent") is titled "Method and Apparatus for Triggering Power Headroom Report for Multiple Pathloss Reference in a Wireless Communication System" and bears an issue date of April 20, 2021. The remaining allegations in this paragraph contain legal conclusions to which no response is required.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny them.

24.     Denied.

25.     Denied.

26.     Defendants admit that SEC received a letter dated January 19, 2022 from Celerity IP, LLC ("Celerity"). Defendants admit that the letter states that Celerity has been retained by ASUSTek Computer Inc. to "protect its portfolio of 3G/4G/5G Standard Essential Patents ('SEPs')" and that "the ASUS SEP portfolio comprises approximately 150 patent families." Defendants admit that the letter contained an exhibit with a list of patents that identified the '759 and '585 Patents, but deny that this letter identified the '658, '878, and '052 Patents. Defendants admit that in subsequent email correspondence, Celerity provided Samsung with a list that identified the '658, '878, and '052 Patents. Except as so admitted, denied.

## SAMSUNG ACCUSED PRODUCTS

27.     Defendants admits SEC sells to SEA certain products that implement and practice 4G wireless technologies, including Galaxy smartphones, tablets and watches, and that SEA sells and offers to sell those products in the United States. Defendants admit that some of the product names listed in this paragraph appear to be Samsung products sold by SEA in the United States. Except as so admitted, denied.

28.     Defendants admits SEC sells to SEA certain products that implement and practice 5G wireless technologies, including Galaxy smartphones, and that SEA sells and offers to sell those products in the United States. Defendants admit that some of the product names listed in this paragraph appear to be Samsung products sold by SEA in the United States. Defendants admit that Samsung Accused Products with 5G capability also have 4G capability. Except as so admitted, denied.

29.     The allegations in this paragraph do not require a response. To the extent a response is required, denied.

## PLAINTIFFS' COMPLIANCE WITH THE ETSI IPR POLICY AND DEFENDANTS' FAILURE TO COMPLY

30.     Defendants admit that the European Telecommunications Standards Institute ("ETSI") describes itself at https://www.etsi.org/about, and is a not-for-profit organization that is the "recognized regional standards body dealing with telecommunications." Defendants admit that while ETSI was "initially founded to serve European needs," it has a "global perspective" and its standards are used worldwide. Defendants admit that ETSI is a partner in the Third Generation Partnership Project ("3GPP"), and that 3GPP created the technical specifications for 3G, 4G, and 5G, which are globally applicable technical specifications and standards that help ensure worldwide interoperability between wireless networks, network operators, and devices. Defendants admit that ETSI and its members have also developed other worldwide standards that help ensure interoperability. Except as so admitted, denied.

31.     Defendants admit that ETSI has developed and promulgated an ETSI IPR Policy, which states that "the ETSI IPR POLICY seeks a balance between the needs of standardization for public use in the field of telecommunications and the rights of the owners of IPRs." Defendants further admit that this paragraph purports to quote parts of the ETSI IPR Policy, which speaks for itself. Except as so admitted, denied.

32.     Defendants admit that this paragraphs appears to quote from parts of the ETSI IPR Policy and provide a screenshot of a part of the ETSI IPR Policy, which speaks for itself. Defendants further admit that Celerity and ASUSTek Computer Inc. have informed SEC that they were prepared to grant Samsung a license on terms that they asserted to be "fair reasonable and non-discriminatory" or "FRAND." Except as so admitted, denied.

33.     Defendants admit that SEC received a letter dated January 19, 2022 from Celerity, which states that Celerity has been retained by ASUSTek Computer Inc. to "protect its portfolio

of 3G/4G/5G Standard Essential Patents ('SEPs')" as described above. Defendants admit that this letter states that Celerity wishes to "begin licensing discussions around the ASUS SEP portfolio on fair reasonable and non-discriminatory ('FRAND') terms." Except as so admitted, denied.

34.     Defendants admit that SEC representatives and Plaintiffs' representatives corresponded. Defendants admit that Plaintiffs' representatives provided materials concerning the Plaintiffs' patents, as well as claim charts containing allegations of infringement, including one claim chart contains allegations of infringement of the '878 Patent. Except as so admitted, denied.

35.     Denied.

36.     Denied.

37.     Defendants admit that Samsung has operated and continues to operate products that implement and practice 4G and 5G wireless technologies. Except as so admitted, denied.

38.     Denied.

## GENERAL INFRINGEMENT ALLEGATIONS

39.     Denied.

40.     Defendants admit that this paragraph refers to the content of a third-party website, which speaks for itself. Defendants admit that "LTE" and "4G LTE" are terms that have been used to refer to 4G technology, and that Samsung has sold mobile phones with 4G technology to consumers in the United States since 2010. Defendants admit that many Samsung products, including mobile phones, are compatible with and practice the 4G standard. Except as so admitted, denied.

41.     Defendants admit that this paragraph quotes parts of the content of the webpage https://www.samsung.com/us/mobile/5g/evolution-to-5g/, which speaks for itself. Defendants admit that Samsung added 5G technology to its mobile consumer product lineup and that Samsung introduced its first line of 5G-compatible devices in 2019. Defendants admit that all 5G-capable

products that Samsung has released in the United States to date also have 4G capability. Except as so admitted, denied.

42.      Defendants admit that Samsung provides information regarding the products the Complaint identifies as "Samsung Accused Products," for example, via its website. Defendants admit that this paragraph quotes parts of the content of the webpages https://www.samsung.com/us/mobile/5g/ and https://www.samsung.com/us/mobile/5g/evolution-to-5g/, which speak for themselves.

43.      Denied.

44.      Denied.

45.      Denied

46.      Denied.

47.      Denied.

48.      Denied.

49.      Denied.

50.      Denied.

## COUNT I: INFRINGEMENT OF THE '878 PATENT

51.      Defendants incorporate their responses to each and every allegation of the foregoing paragraphs as though fully set forth herein.

52.      Defendants admit that on its face, U.S. Patent No. 10,187,878 is titled "Method and Apparatus for Improving a Transmission Using a Configured Resource in a Wireless Communication System" and bears an issue date of January 22, 2019.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.

53.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny these allegations.

54.     Defendants admit that Plaintiffs have not directly granted them a license to practice the '878 Patent. Except as so admitted, denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Defendants admit that SEC received a letter dated January 19, 2022 from Celerity. Defendants admit that the letter states that Celerity has been retained by ASUSTek Computer Inc.to "protect its portfolio of 3G/4G/5G Standard Essential Patents ('SEPs')" and that "the ASUS SEP portfolio comprises approximately 150 patent families." Defendants admit that the letter contained an exhibit with a list of patents, but deny that this letter identified the '878 Patent. Except as so admitted, denied.

## COUNT II: INFRINGEMENT OF THE '052 PATENT

66.     Defendants incorporate their responses to each and every allegation of the foregoing paragraphs as though fully set forth herein.

67.     Defendants admit that on its face, U.S. Patent No. 11,291,052 is titled "Method and Apparatus for Improving Msg3 Transmission of Random Access Procedure in a Wireless

Communication System" and bears an issue date of March 29, 2022.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.

68.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny these allegations.

69.     Defendants admit that Plaintiffs have not directly granted them a license to practice the '052 Patent. Except as so admitted, denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied

81.     Samsung admits that by August 22, 2023, Celerity identified the '052 Patent to Samsung as essential to 5G. Except as so admitted, denied.

## COUNT III: INFRINGEMENT OF THE '658 PATENT

82.     Defendants incorporate their responses to each and every allegation of the foregoing paragraphs as though fully set forth herein.

83.     Defendants admit that on its face, U.S. Patent No. 10,104,658 is titled "Method and Apparatus for Delivery of Control Signaling in a Wireless Communication System" and bears an

issue date of October 16, 2018.   The remaining allegations in this paragraph contain legal conclusions to which no response is required.

84.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny these allegations.

85.     Defendants admit that Plaintiffs have not directly granted them a license to practice the '658 Patent. Except as so admitted, denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied

97.     Denied

98.     Samsung admits that by June 22, 2023, Celerity identified the '658 Patent to Samsung as essential to 5G. Except as so admitted, denied.

## COUNT IV: INFRINGEMENT OF THE '759 PATENT

99.     Defendants incorporate their responses to each and every allegation of the foregoing paragraphs as though fully set forth herein.

100.    Defendants admit that on its face, U.S. Patent No. 10,785,759 is titled "Method and Apparatus for Determining Numerology Bandwidth in a Wireless Communication System" and bears an issue date of September 22, 2020.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.

101.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny these allegations.

102.    Defendants admit that Plaintiffs have not directly granted them a license to practice the '759 Patent. Except as so admitted, denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied

114.    Denied

115.    Defendants admit that SEC received a letter dated January 19, 2022 from Celerity. The letter states that Celerity has been retained by ASUSTek Computer Inc. to "protect its portfolio of 3G/4G/5G Standard Essential Patents ('SEPs')" and that "the ASUS SEP portfolio comprises

approximately 150 patent families." Defendants admit that the letter contained an exhibit with a list of patents that identified the '759 Patent. Except as so admitted, denied.

## COUNT V: INFRINGEMENT OF THE '585 PATENT

116.    Defendants incorporate their responses to each and every allegation of the foregoing paragraphs as though fully set forth herein.

117.    Defendants admit that on its face, U.S. Patent No. 10,986,585 is titled "Method and Apparatus for Triggering Power Headroom Report for Multiple Pathloss Reference in a Wireless Communication System" and bears an issue date of April 20, 2021.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.

118.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny these allegations.

119.    Defendants admit that Plaintiffs have not directly granted them a license to practice the '585 Patent. Except as so admitted, denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied

131.   Denied

132.   Denied

133.   Defendants admit that SEC received a letter dated January 19, 2022 from Celerity. The letter states that Celerity has been retained by ASUSTek Computer Inc. to "protect its portfolio of 3G/4G/5G Standard Essential Patents ('SEPs')" and that "the ASUS SEP portfolio comprises approximately 150 patent families." Defendants admit that the letter contained an exhibit with a list of patents that identified the '585 Patent. Except as so admitted, denied.

### COUNT VI: DECLARATORY JUDGMENT THAT THE PLAINTIFFS HAVE COMPLIED WITH ETSI OBLIGATIONS AND COMPETITION LAW AND THAT THE DEFENDANTS HAVE NOT

134.   Defendants incorporate their responses to each and every allegation of the foregoing paragraphs as though fully set forth herein.

135.   Denied.

136.   Defendants admit that SEC received a letter dated January 19, 2022 from Celerity, which states that Celerity has been retained by ASUSTek Computer Inc.to "protect its portfolio of 3G/4G/5G Standard Essential Patents ('SEPs')" as described above. Defendants admit that this letter states that Celerity wishes to "begin licensing discussions around the ASUS SEP portfolio on fair reasonable and non-discriminatory ('FRAND') terms." Except as so admitted, denied.

137.   Defendants admit that SEC representatives and Plaintiffs' representatives corresponded.  Defendants admit that Plaintiffs' representatives provided materials concerning the Plaintiffs' patents, as well as claim charts containing allegations of infringement, including one with allegations of infringement of the '878 Patent. Except as so admitted, denied.

138.   Denied.

139.   Denied.

140.   Denied.

141.     Defendants admit there is a dispute between them, Plaintiffs, and ASUSTeK Computer, Inc. ("ASUS") concerning whether Plaintiffs and ASUS have complied with their FRAND obligations. This paragraph also contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that there is a real and immediate dispute between them, Plaintiffs, and ASUS concerning whether Plaintiffs and ASUS have complied with their FRAND obligations. Except as so admitted, denied.

142.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

## DAMAGES

143.     Denied.

## DEMAND FOR JURY TRIAL

144.     A response is not required to Plaintiffs' demand for a jury trial. Defendants also demand a jury trial for all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief requested in Plaintiffs' prayer for relief.

## AFFIRMATIVE DEFENSES

145.     Without admitting or acknowledging that it bears the burden of proof except those imposed by law and without reducing or removing Plaintiffs' burden of proof on its affirmative claims, Defendants allege and assert the following defenses in response to Plaintiffs' Complaint. Defendants reserve the right to amend their answer with additional defenses as further information is obtained during the course of this action, to the extent that they are not otherwise deemed affirmative defenses by law, or to the extent that Plaintiffs further modifies their allegations.

## FIRST DEFENSE: FAILURE TO STATE A CLAIM

146.     Plaintiffs fail to state a claim upon which relief can be granted.

## SECOND DEFENSE: NON-INFRINGEMENT

147.     Defendants have not infringed and do not infringe any valid and enforceable claim of the Patents-in-Suit, directly, indirectly, contributorily, or by inducement, either literally or by the doctrine of equivalents. Plaintiffs are precluded under the doctrines of disclaimer and prosecution history estoppel from asserting a scope for any claim of the Patents-in-Suit that would encompass any Samsung product or service.

## THIRD DEFENSE: NO WILLFUL INFRINGEMENT OR ENHANCED DAMAGES

148.     Plaintiffs are not entitled to enhanced damages under 35 U.S.C. § 284 because Plaintiffs have failed to meet, and cannot meet as a matter of law, the requirements for willful infringement.

## FOURTH DEFENSE: INVALIDITY/INELIGIBILITY

149.     Each claim of the Patents-in-Suit is invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1 *et seq*., including but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116. For example, each claim of the Patents-in-Suit is invalid in view of the admitted prior art, the references cited by the applicant and the Examiner, and the arguments made by the Applicants during prosecution of the applications that issued as the Patents-in-Suit. Additionally and/or alternatively, each claim of at least the '878 Patent is invalid for failing to name the correct inventors of the claimed subject matter, if inventorship cannot be corrected pursuant to 35 U.S.C. § 256. For example, Samsung's contributions to 3GPP TSG-RAN WG2 Meeting #91, including R2-153332, R2-153333, and R2-153334, show that Samsung engineers invented the claimed subject matter prior to the inventors named on the '878 Patent.

## FIFTH DEFENSE: LICENSE, EXHAUSTION, AND COVENANT NOT TO SUE

150.    Plaintiffs' claims are barred in whole or in part by one or more of the following:
express or implied license (including any licenses executed by any other or prior owners of the
Patents-in-Suit and/or any licenses entered into by other parties, including but not limited to
Defendants' suppliers of the Samsung Accused Products), doctrine of patent exhaustion, the single
recovery rule, and/or covenant not to sue or assert the Patents-in-Suit.

## SIXTH DEFENSE: LACK OF STANDING

151.    To the extent that Plaintiffs were not the true, correct, sole and total owners of all
substantial rights in the Patents-in-Suit as of the filing date of the Complaint, Plaintiffs lack
standing to bring or maintain one or more claims in this lawsuit. For example, Celerity has failed
to provide evidence that it is the exclusive licensee of the Patents-in-Suit. On information and
belief, Celerity is a nonexclusive licensee who does not have standing to pursue claims of alleged
patent infringement. ASUS Technology Licensing Inc. ("ATL") has failed to provide evidence
that it is the owner of the Patents-in-Suit. On information and belief, ATL does not have the right
to file suit for infringement as a "patentee" under Title 35 of the patent statute. Additionally and/or
alternatively, Plaintiffs lack standing to maintain this lawsuit because Samsung is the true owner
of the Patents-in-Suit if inventorship can be corrected pursuant to 35 U.S.C. § 256. For example,
Samsung's contributions to 3GPP TSG-RAN WG2 Meeting #91, including R2-153332, R2-
153333, and R2-153334, show that Samsung engineers invented the claimed subject matter prior
to the inventors named on the Patents-in-Suit. If the misjoinder of the currently named inventors
and/or the nonjoinder of Samsung's inventors can be corrected pursuant to 35 U.S.C. § 256, then
Samsung is the true owner of the Patents-in-Suit and Plaintiffs lack standing to maintain this
lawsuit.

## SEVENTH DEFENSE: EQUITABLE BARS

152.    Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, prosecution laches, and/or other equitable doctrines, including inequitable conduct during prosecution of the Patents-in-Suit before the U.S. Patent and Trademark Office.

## EIGHTH DEFENSE: STATUTE OF LIMITATIONS

153.    Any claim by Plaintiffs for damages is limited by 35 U.S.C. §§ 252, 286, 287, or 307. Plaintiffs are barred by 35 U.S.C. § 288 from recovering costs associated with this action.

## NINTH DEFENSE: PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER

154.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of prosecution history estoppel, judicial estoppel, and/or prosecution disclaimer based on amendments, statements, representations, and admissions made during prosecution of the applications that led to the Patents-in-Suit and related patents or during any post-issuance proceedings from asserting any interpretation of the claims of the Patents-in-Suit and related patents.

## TENTH DEFENSE: FRAND

155.    Plaintiffs' claims for relief, including but not limited to injunctive and declaratory relief, are limited and/or barred by their commitment to license the Patents-in-Suit pursuant to the applicable standard setting organizations' intellectual property right policies, including without limitation requirements related to licensing intellectual property on fair, reasonable and non-discriminatory terms.

## ELEVENTH DEFENSE: FAILURE TO NEGOTIATE IN GOOD FAITH

156.    Plaintiffs failed to negotiate with Defendants in good faith.

## TWELFTH DEFENSE: NO EXCEPTIONAL CASE

157.    Plaintiffs cannot prove that this is an exceptional case justifying award of attorney fees against Defendants pursuant to 35 U.S.C. § 285.

**THIRTEENTH DEFENSE: ENSNAREMENT**

158.    Plaintiffs cannot assert the claims of the Patents-in-Suit under the doctrine of equivalents to cover the Samsung Accused Products because such an asserted scope of equivalency would encompass or ensnare the prior art.

**FOURTEENTH DEFENSE: LIMITATION ON DAMAGES – MARKING**

159.    Plaintiffs' claims for damages are barred, in whole or in part, by 35 U.S.C. §§ 286, 287, and/or 288. Plaintiffs have failed to adequately plead compliance with the patent marking statute, 35 U.S.C. § 287(a). On information and belief, for example, ASUS and/or other entities have been licensees of the Patents-in-Suit and failed to mark their products in compliance with the patent marking statute.  As a result, Plaintiffs cannot rely on marking as a basis to recover pre-suit damages.

**FIFTEENTH DEFENSE: FAILURE TO JOIN INDISPENSABLE PARTY**

160.    ASUS is an indispensable party to this action. To the extent that ASUS contests this Court's jurisdiction over the counterclaims pleaded herein or otherwise refuses to be a party to this action and/or is unable to be joined as a party to this action, Plaintiffs' claims should be dismissed for their failure to join ASUS as a party.

**SAMSUNG'S COUNTERCLAIMS AND THIRD-PARTY COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 13, Counterclaim-Plaintiffs Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Research America ("SRA") (collectively "Defendants" or "Samsung") bring the following counterclaims and third-party complaint against ASUS Technology Licensing Inc. ("ATL"), Celerity IP, LLC ("Celerity"), and third-party ASUSTeK Computer, Inc. ("ASUS") (collectively "Counterclaim-Defendants"). Samsung requests a trial by jury and hereby allege as follows:

## NATURE OF ACTION

1.      The counterclaims arise under the patent laws of the United States set forth in Title 35 of the United States Code, as well as under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.      Counterclaim-Defendants have breached their contractual commitment by failing to offer a license to its essential patents—including but not limited to the Patents-in-Suit—on FRAND terms and conditions prior to filing the Complaint in this Action.

3.      Samsung is the owner of U.S. Patent No. 9,913,313 ("the '313 Patent"). ASUS infringes the '313 patent, a copy of which is attached hereto as Exhibit A. ASUS both directly and indirectly infringes the '313 Patent by making, using, selling, offering to sell, importing and/or selling for importation in or into the United States ASUS-branded products—including the ASUS Zenbook line of products (such as ASUS Zenbook Pro 14 OLED and the ASUS Zenbook 17 Fold OLED)—that are configured to enter the listen mode of Wi-Fi Peer-to-Peer (P2P) over the same channel as a channel where legacy Wi-Fi is in use (the "Accused Products"), without a license to do so. ASUS induces infringement by third parties through its use of the Accused Products as directed and instructed by ASUS. Samsung seeks damages and other relief for ASUS's prior and ongoing infringement of the '313 Patent.

## PARTIES

4.      SEC is a corporation organized and existing under the laws of the Republic of Korea, with its principal place of business located at 129 Samsung-ro, Maetan-3dong, Yeongtong-gu, Suwon-si, Gyeonggi-do, 16677, Korea.

5.      SEA is a corporation organized and existing under the laws of New York, with its principal place of business located at 85 Challenger Road, Ridgefield Park, NJ 07660.

6.      SRA s a corporation organized and existing under the laws of California, with its principal place of business located at 665 Clyde Ave, Mountain View, CA 94043.

7.      By the Complaint in this action, ATL is a Taiwanese corporation, with its principal place of business located at No. 115, Li-De Rd., Beitou District, Taipei, Taiwan R.O.C.

8.      By the Complaint in this action, Celerity is a limited liability company organized and existing under the laws of Texas, with its principal place of business located at 7160 Dallas Parkway, Suite 235, Plano, Texas 75024.

9.      On information and belief, ASUS is a Taiwanese corporation with its primary place of business at No. 15, Li-Te Road, Beitou District, Taipei City 112, Taiwan, R.O.C.

10.     On information and belief, ASUS has a distribution chain with respect to the manufacture, use, offering to sell, and/or sale and with respect to the importation into the United States of the Accused Products.

## JURISDICTION

11.     This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 as this action arises under the patent laws of the United States (35 U.S.C. §§ 1 *et seq.*) as well as under 28 U.S.C. §§ 1367 and 2201(a).

12.     This Court has personal jurisdiction over each of the Counterclaim-Defendants.

13.     Celerity is a limited liability company organized under the laws of Texas and with its principal place of business in Texas, meaning that it is subject to general personal jurisdiction in Texas.

14.     ATL and Celerity have consented to venue in this district by bringing this action against Samsung.

15.     ASUS granted Celerity, a Texas entity, rights as the exclusive licensing agent of its patents. ASUS necessarily understood that negotiations by Celerity would take place in Texas.

16.     Each of the Counterclaim-Defendants has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Counterclaim-Defendants would not offend traditional notions of fair play and substantial justice. For example, ATL and ASUS, through their representative and agent in the Eastern District of Texas, Celerity, contacted Samsung regarding the ASUS patent portfolio, and engaged in the bad-faith negotiation tactics described below.

17.     ASUS has previously consented to jurisdiction in this District, for example, in *Lone Star Technological Innovations, LLC v. ASUSTek Computer Inc.*, Case No. 6:19-cv-00059 and in *Ironworks Patents, LLC v. ASUSTeK Computer, Inc.*, Case No. 2:19-cv-00016-JRG.

18.     ASUS conducts business and has committed acts of patent infringement and/or induced acts of patent infringement by others in this judicial district, the State of Texas, and elsewhere in the United States. ASUS has itself and/or through the activities of subsidiaries, affiliates, intermediaries, and agents (including distributors, retailers, and others) purposefully directed infringing activities at residents of the State of Texas, and this litigation results from those infringing activities. ASUS regularly sells (directly and/or indirectly) Accused Products within this district. For example, ASUS has itself and/or through the activities of subsidiaries, affiliates, intermediaries, and agents (including distributors, retailers, and others) placed and continues to place Accused Products into the stream of commerce via an established distribution channel with the knowledge or understanding that such products are being and will continue to be made, used, offered for sale, and/or sold in this Judicial District and the State of Texas. ASUS, directly and/or through subsidiaries, affiliates, intermediaries, and agents (including distributors, retailers, and others), uses the website https://store.asus.com/us/ to sell, offer to sell, import, and/or sell for importation the Accused Products in the United States and in this District.

19.     ASUS is subject to this Court's specific and/or general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial and pervasive business in this State and judicial district, including at least part of its infringing activities alleged herein and deriving substantial revenue from goods sold to Texas residents, including benefits directly related to ASUS's infringement of the '313 Patent. ASUS has established minimum contacts within Texas and purposefully availed itself of the benefits of Texas, and the exercise of personal jurisdiction over ASUS would not offend traditional notions of fair play and substantial justice.

## VENUE

20.     ATL and Celerity have alleged in the Complaint in this action that venue is proper in this District under 28 U.S.C. §§ 1391 and/or 1400 and Samsung does not dispute that allegation for purposes of this litigation.

21.     For ASUS, venue is proper as to a foreign defendant in any district under 28 U.S.C. §§ 1391 and/or 1400.

22.     ASUS has previously consented to venue in this District, for example, in *Lone Star Technological Innovations, LLC v. ASUSTek Computer Inc.*, Case No. 6:19-cv-00059 and in *Ironworks Patents, LLC v. ASUSTeK Computer, Inc.*, Case No. 2:19-cv-00016-JRG.

## ETSI, THE ETSI IPR POLICY, AND THE FRAND COMMITMENT

23.     The European Telecommunications Standards Institute ("ETSI") describes itself at https://www.etsi.org/about, and is a not-for-profit organization that is the "recognized regional standards body dealing with telecommunications." While ETSI was initially founded to serve European needs, it has a global perspective and its standards are used worldwide.

24.     Upon information and belief, ETSI has more than 900 members from more than sixty countries.

25.     In 1998, ETSI and other standard-development organizations founded and became organizational partners of the Third Generation Partnership Project (3GPP). 3GPP created the technical specifications for 3G, 4G, and 5G.

26.     ETSI members may own patents essential to technical specifications promulgated by 3GPP.

27.     ETSI has developed an Intellectual Property Rights (IPR) Policy regarding the licensing of those patents. The IPR Policy is governed by the laws of France.

28.     Clause 6.1 of the ETSI IPR Policy, "The Availability of Licenses," states: "When an ESSENTIAL IPR relating to a particular STANDARD or TECHNICAL SPECIFICATION is brought to the attention of ETSI, the Director-General of ETSI shall immediately request the owner to give within three months an irrevocable undertaking in writing that it is prepared to grant irrevocable licences [sic] on fair, reasonable, and non-discriminatory ('FRAND') terms and conditions under such IPR[.]"

29.     Section 15.6 of the ETSI IPR Policy defines the term "ESSENTIAL" to mean that "it is not possible on technical (but not commercial) grounds, taking into account normal technical practice and the state of the art generally available at the time of standardization, to make, sell, lease, otherwise dispose of, repair, use or operate EQUIPMENT or METHODS which comply with a STANDARD without infringing that IPR."

30.     ETSI requests that patent holders publicly declare their licensing positions with respect to essential patents by submitting an IPR Information Statement and Licensing Declaration. A form IPR Information Statement and Licensing Declaration is attached to the IPR Policy.  The form IPR Information Statement and Licensing Declaration is contractual in nature.

31.     On information and belief, ASUS and/or ATL have submitted one or more IPR Information Statement and Licensing Declarations identifying patents in the ASUS portfolio that ASUS and/or ATL view as potentially essential to one or more of the 3G, 4G, and 5G standards. These declarations state: "the Declarant and/or its AFFILIATES are (1) prepared to grant irrevocable licences [sic] under this/these IPR(s) on terms and conditions which are in accordance with Clause 6.1 of the ETSI IPR Policy; and (2) will comply with Clause 6.1b-*is* of the ETSI IPR Policy."

32.     Clause 6.1b-*is* of the ETSI IPR Policy states that "FRAND licensing undertakings made pursuant to Clause 6 shall be interpreted as encumbrances that bind all successors-in-interest," and "any Declarant who has submitted a FRAND undertaking according to the POLICY who transfers ownership of ESSENTIAL IPR that is subject to such undertaking shall include appropriate provisions in the relevant transfer documents to ensure that the undertaking is binding on the transferee and that the transferee will similarly include appropriate provisions in the event of future transfers with the goal of binding all successors-in-interest. The undertaking shall be interpreted as binding on successors-in-interest regardless of whether such provisions are included in the relevant transfer documents."

33.     Samsung is an intended third-party beneficiary of ASUS's contractual commitments to grant licenses on FRAND terms to all that make, use, or sell products supporting ETSI cellular standards. ASUS is contractually obligated directly and by virtue of any assignment of patents that ASUS declared essential to ETSI. Celerity is also contractually bound as the alleged exclusive licensee of the asserted patent and licensing agent for ASUS's purportedly standards-essential patent portfolio.

**THE PARTIES' LICENSING DISCUSSIONS**

34.    SEC received a letter dated January 19, 2022 from Celerity, which stated that Celerity had been retained by ASUS to "protect its portfolio of 3G/4G/5G Standard Essential Patents ('SEPs')" and that "the ASUS SEP portfolio comprises approximately 150 patent families." After SEC received this letter, the parties' representatives engaged in discussions.

35.    Upon information and belief, on September 5, 2023, ASUS assigned the '878 Patent to ATL. Instead of continuing to engage with Samsung in licensing discussions, on September 12, 2023, ATL and Celerity filed the Complaint.

36.    On information and belief, ASUS is the current or former assignee to the '878 patent and the "ASUS SEP portfolio" described above.

37.    On information and belief, ASUS will share in any revenue Celerity and/or ATL obtain from any license of or lawsuit asserting patents from the "ASUS SEP portfolio" patents.

38.    On information and belief, ASUS, Celerity, and ATL, were working in concert in the negotiation with Samsung.

39.    Counterclaim-Defendants failed to negotiate in good faith towards a FRAND license to their portfolio of allegedly essential patents and/or the Asserted Patent. For example, ASUS, Celerity, and/or ATL have divided up the ASUS patent portfolio in an attempt to collect more than a FRAND royalty from Samsung for that patent portfolio, and Celerity and ATL filed this lawsuit without making a FRAND offer that included the Patents-in-Suit.

40.    In view of the foregoing, there exists an actual and justiciable controversy between the parties with respect to whether Counterclaim-Defendants satisfied their obligation to negotiate in good faith for a FRAND license to their portfolio of allegedly essential patents and/or the Patents-in-Suit.

41.     Through the conduct described above, Counterclaim-Defendants breached the obligation to negotiate in good faith.

### COUNT I
### BREACH OF OBLIGATION TO NEGOTIATE IN GOOD FAITH

42.     Samsung repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

43.     French law governs the ETSI FRAND commitment, and under French law, once Counterclaim-Defendants, including ASUS, commenced negotiations for itself and/or as a licensing agent on behalf of ASUS with Samsung, ASUS, ATL, and Celerity were obligated to negotiate in good faith towards a license on FRAND terms and conditions.

44.     Counterclaim-Defendants have failed to negotiate in good faith with Samsung or offer a license having FRAND terms and conditions covering the parties' essential patents, and thus breached their obligation for the reasons described above.

45.     Counterclaim-Defendants' conduct demonstrates that they did not seriously engage in discussions with Samsung with the aim of concluding an agreement, and instead filed this case without engaging in good faith negotiations.

46.     Counterclaim-Defendants' failure to negotiate in good faith as relating to the parties' essential patents constitutes a breach of their obligations to negotiate in good faith with Samsung.

47.     As a result of this breach, Samsung has been injured in its business or property, including Samsung's costs and expenses in pursuing futile discussions with Counterclaim-Defendants, in an amount to be determined at trial.

48.     In addition to other forms of relief, there is a dispute between Samsung and Counterclaim-Defendants concerning whether Counterclaim-Defendants have complied with their

obligation to negotiate in good faith, and this controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Counterclaim Defendants have not complied with their obligation to act in good faith during their negotiations with Samsung with respect to FRAND terms for a license to the parties' essential patents.

## COUNT II[1]
## INFRINGEMENT OF U.S. PATENT NO. 9,913,313

49.     SEC repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

### '313 PATENT

50.     SEC is the owner of all rights and interests in U.S. Patent No. 9,913,313, entitled "Method for Using Legacy Wi-Fi and Wi-Fi P2P Simultaneously," which was duly and lawfully issued by the United States Patent and Trademark Office on March 6, 2018.  A true and correct copy of the '313 Patent is attached as **Exhibit A** and made a part hereof.

51.     The '313 Patent lists Bu-Seop Jung and Jung-Hun Lee as inventors.

52.     ASUS has at no time been licensed under the '313 Patent.

### ASUS'S ACCUSED PRODUCTS

53.     Upon information and belief, ASUS owns the domain asus.com and owns and operates the US website (https://www.asus.com) and store (https://shop.asus.com):[2]

---

[1] All Counterclaim-Plaintiffs assert Claim I against all Counterclaim-Defendants. Only SEC asserts Claim II against ASUS.
[2] https://www.whois.com/whois/asus.com.



54.     ASUS offers to sell and sells the Accused Products to consumers in the United States, including in this District, through its website, asus.com. For example, the webpage https://shop.asus.com/us/asus-zenbook-pro-14-oled-ux6404.html sells and offers for sale the ASUS Zenbook Pro 14 OLED.

55.     ASUS's website also provides hyperlinks to retailers that sell the Accused Products in the United States. For example, the page at https://www.asus.com/us/laptops/for-creators/zenbook/zenbook-pro-16x-oled-ux7602/where-to-buy/ directs users to purchase the Zenbook Pro 16X OLED from retailers such as Newegg and B&H Photo Video:



56.     Upon information and belief, ASUS has infringed and continues to directly infringe one or more claims of the '313 Patent, literally and/or under the doctrine of equivalents, by its manufacture, use, sale, importation, and/or offer for sale of the Accused Products.

57.     For example, upon information and belief, ASUS has infringed and continues to directly infringe at least Claim 17 of the '313 Patent by making, using, selling, offering for sale in, and/or importing into the United States the Accused Products.

58.     By way of example, Claim 17 of the '313 Patent recites:

> 17. An apparatus for connecting to a Wi-Fi network in an electronic device, the apparatus comprising:
>
> a communication module; and
>
> a controller operatively coupled with the communication module, the controller configured to:
>
> acquire a Group Owner (GO) right of Wi-Fi Peer-to-Peer (P2P), if an entry into a listen mode of Wi-Fi P2P is requested during execution of a legacy Wi-Fi, and enter the listen mode over the same channel as a channel where the legacy Wi-Fi is in use, through the acquisition of the GO right.

59.     Upon information and belief, the Accused Products include each and every limitation of one or more claims of the '313 patent, including at least Claim 17 as shown below by the ASUS Zenbook Pro 14 OLED.

60.     The ASUS Zenbook Pro 14 OLED is "An apparatus for connecting to a Wi-Fi network in an electronic device comprising a communication module." For example, the ASUS Zenbook Pro 14 OLED is compatible with Wi-Fi 6E and is configured to connect automatically to Wi-Fi networks. The ASUS Zenbook Pro 14 OLED includes a communication module for Wi-Fi.

61.     The ASUS Zenbook Pro 14 OLED further comprises "a controller operatively coupled with the communication module" Specifically, the Wi-Fi 6E module in the ASUS Zenbook Pro 14 OLED includes a Wi-Fi communication module and a Wi-Fi controller operatively coupled with the Wi-Fi communication module.

62.     The Wi-Fi controller in the ASUS Zenbook Pro 14 OLED is "configured to: acquire a Group Owner (GO) right of Wi-Fi Peer-to-Peer (P2P), if an entry into a listen mode of Wi-Fi P2P is requested during execution of a legacy Wi-Fi, and enter the listen mode over the same channel as a channel where the legacy Wi-Fi is in use, through the acquisition of the GO right." For example, the Wi-Fi controller in the ASUS Zenbook Pro 14 OLED supports Miracast and is configured to be capable of providing screen-mirroring from another device that supports Miracast by using Wi-Fi Direct technology. On information and belief, if the ASUS Zenbook Pro 14 OLED is connected to a WiFi Access Point using 802.11n, 802.11g, or 802.11b, and screen-mirroring is invoked by the user (for example by selecting the "Available everywhere" option within the "Projecting to this PC" menu within the System menu), the ASUS Zenbook Pro 14 OLED will enter into the "Group Owner" mode defined in the Wi-Fi Peer-to-Peer (P2P) Technical Specification so that it can then enter the "Listen State" defined in the Wi-Fi Peer-to-Peer (P2P) Technical Specification over the same channel as the channel where it is connected to the WiFi Access Point.

63.     ASUS's infringement of the '313 Patent is willful and deliberate.  At least as of the date of this Complaint, ASUS has infringed and continues to infringe the '313 Patent despite an objectively high likelihood that its actions constituted infringement.

64.     Samsung has been and will continue to be injured and damaged by ASUS's infringement of the '313 Patent.

## ADDITIONAL ALLEGATIONS REGARDING INDIRECT INFRINGEMENT

65.     Samsung repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

66.     ASUS has knowledge of the '313 Patent at least as of the date of filing of this Complaint.

67.     Upon information and belief, at least as of the filing date of this Complaint and with knowledge of the '313 Patent, ASUS is infringing the '313 Patent under 35 U.S.C. § 271(b) by knowingly and intentionally inducing others to directly infringe the '313 Patent.

68.     For example, upon information and belief, ASUS induces end-users to directly infringe (literally and/or under the doctrine of equivalents) the '313 Patent by using the Accused Products in the United States.  Upon information and belief, ASUS takes active steps, directly and/or through contractual relationships with others, with the specific intent, or at the very least, willful blindness, to cause them to use the Accused Products in a manner that infringes at least claim 1 of the '313 Patent. Upon information and belief, ASUS is performing these steps, which constitute induced infringement with the knowledge of the '313 Patent and with the knowledge that the induced acts constitute infringement. Upon information and belief, ASUS is aware that the normal and customary use of the Accused Products by ASUS's customers would infringe the '313 Patent. ASUS's inducement is ongoing.

69.     Upon information and belief, at least as of the filing date of this Complaint and with knowledge of the '313 Patent, ASUS has also induced its affiliates and/or third-party manufacturers, shippers, distributors, retailers, or other persons acting on their or their affiliates' behalf, to directly infringe (literally and/or under the doctrine of equivalents) the '313 Patent by importing into the United States and/or selling or offering to sell in the United States the Accused Products. Upon information and belief, ASUS takes active steps, directly and/or through

contractual relationships with others, with the specific intent, or at the very least, willful blindness, to cause such persons to import, sell, or offer to sell the Accused Products in a manner that infringes at least claim 1 of the '313 Patent. Upon information and belief, such steps by ASUS include, among other things, making or selling the Accused Products outside of the United States for importation into or sale in the United States, knowing that such importation or sale would occur; and directing, facilitating, or influencing ASUS's subsidiaries, affiliates or third party manufacturers, shippers, distributors, retailers, or other persons acting on its or their behalf, to import, sell, or offer to sell the Accused Products in an infringing manner. ASUS performs these steps, which constitute induced infringement, with the knowledge of the '313 Patent and with the knowledge that the induced acts would constitute infringement. ASUS performs such steps in order to profit from the eventual sale of the Accused Products in the United States. ASUS's inducement is ongoing.

70.     Upon information and belief, at least as of the filing date of this Complaint and with knowledge of the '313 Patent, ASUS is infringing the '313 Patent under 35 U.S.C. § 271(c).  The Accused Products are made or especially adapted for use that results in an infringement of the '313 Patent. The Accused Products include features that are not staple articles of commerce suitable for substantial noninfringing uses. The Accused Products are a material part of the invention of the '313 Patent. The Accused Products are also sold, offered for sale, and used in configurations that do not have substantial non-infringing uses. The intended, normal use of the Accused Products results in infringement of the '313 Patent.  ASUS's contributory infringement is ongoing.

71.     ASUS's acts of indirect infringement as stated herein have caused injury and damage to Samsung, and will continue to cause additional injury and damage to Samsung in the future.

## COUNT III
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '878 PATENT

72.     Samsung repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

73.     Samsung has not infringed and does not infringe any valid and enforceable claim of the '878 patent, directly, indirectly, literally or under the doctrine of equivalents, or in any other manner.

74.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between ASUS and Samsung concerning the non-infringement of the '878 Patent.

75.     Samsung is entitled to a declaratory judgment that Samsung has not infringed and do not infringe any valid and enforceable claim of the '878 patent, directly, indirectly, literally or under the doctrine of equivalents, or in any other manner.

## COUNT IV
## DECLARATORY JUDGMENT OF INVALIDITY AND/OR CORRECTION
## OF INVENTORSHIP OF THE '878 PATENT

76.     Samsung repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

77.     The claims of the '878 Patent are invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1 *et seq*., including but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 256. Additionally and/or alternatively, each claim of the '878 Patent is invalid for failing to name the correct inventors of the claimed subject matter, if inventorship cannot be corrected pursuant to 35 U.S.C. § 256.

78.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between ASUS and Samsung concerning the invalidity of the '878 Patent.

79.     Defendants are entitled to a declaratory judgment that all claims of the '878 Patent are invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, et seq. Additionally and/or alternatively, Samsung is entitled to an Order from the Court correcting of the inventorship of the '878 Patent pursuant to 35 U.S.C. § 256 and assigning the '878 Patent to Samsung.

**COUNT V**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '052 PATENT**

80.     Samsung repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

81.     Samsung has not infringed and does not infringe any valid and enforceable claim of the '052 Patent, directly, indirectly, literally or under the doctrine of equivalents, or in any other manner.

82.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between ASUS and Samsung concerning the non-infringement of the '052 Patent.

83.     Samsung is entitled to a declaratory judgment that Samsung has not infringed and do not infringe any valid and enforceable claim of the '052 Patent, directly, indirectly, literally or under the doctrine of equivalents, or in any other manner.

**COUNT VI**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '052 PATENT**

84.     Samsung repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

85.     The claims of the '052 Patent are invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1 *et seq*., including but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 256.

86.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between ASUS and Samsung concerning the invalidity of the '052 Patent.

87.     Defendants are entitled to a declaratory judgment that all claims of the '052 Patent are invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, et seq.

**COUNT VII**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '658 PATENT**

88.     Samsung repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

89.     Samsung has not infringed and does not infringe any valid and enforceable claim of the '658 Patent, directly, indirectly, literally or under the doctrine of equivalents, or in any other manner.

90.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between ASUS and Samsung concerning the non-infringement of the '658 Patent.

91.     Samsung is entitled to a declaratory judgment that Samsung has not infringed and do not infringe any valid and enforceable claim of the '658 Patent, directly, indirectly, literally or under the doctrine of equivalents, or in any other manner.

**COUNT VIII**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '658 PATENT**

92.     Samsung repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

93.     The claims of the '658 Patent are invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1 *et seq*., including but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 256.

94.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between ASUS and Samsung concerning the invalidity of the '658 Patent.

95. Defendants are entitled to a declaratory judgment that all claims of the '658 Patent are invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, et seq.

**COUNT IX**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '759 PATENT**

96. Samsung repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

97. Samsung has not infringed and does not infringe any valid and enforceable claim of the '759 Patent, directly, indirectly, literally or under the doctrine of equivalents, or in any other manner.

98. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between ASUS and Samsung concerning the non-infringement of the '759 Patent.

99. Samsung is entitled to a declaratory judgment that Samsung has not infringed and do not infringe any valid and enforceable claim of the '759 Patent, directly, indirectly, literally or under the doctrine of equivalents, or in any other manner.

**COUNT X**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '759 PATENT**

100. Samsung repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

101. The claims of the '759 Patent are invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1 *et seq*., including but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 256.

102. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between ASUS and Samsung concerning the invalidity of the '759 Patent.

103. Defendants are entitled to a declaratory judgment that all claims of the '759 Patent are invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, et seq.

## COUNT XI
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '585 PATENT

104.     Samsung repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

105.     Samsung has not infringed and does not infringe any valid and enforceable claim of the '585 Patent, directly, indirectly, literally or under the doctrine of equivalents, or in any other manner.

106.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between ASUS and Samsung concerning the non-infringement of the '585 Patent.

107.     Samsung is entitled to a declaratory judgment that Samsung has not infringed and do not infringe any valid and enforceable claim of the '585 Patent, directly, indirectly, literally or under the doctrine of equivalents, or in any other manner.

## COUNT XII
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '585 PATENT

108.     Samsung repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

109.     The claims of the '585 Patent are invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1 *et seq*., including but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 256.

110.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between ASUS and Samsung concerning the invalidity of the '585 Patent.

111.     Defendants are entitled to a declaratory judgment that all claims of the '585 Patent are invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, et seq.

## **PRAYER FOR RELIEF**

WHEREFORE, Samsung respectfully prays for entry of a judgment in its favor and against ASUS as follows:

A.      Declare that Counterclaim-Defendants have failed to satisfy their obligation to negotiate in good faith;

B.      Award Samsung damages resulting from Counterclaim-Defendants' breach of their obligation to negotiate in good faith;

C.      Declare that ASUS has infringed one or more claims of the '313 Patent, and such infringement has been willful;

D.      Award SEC all damages adequate to compensate Samsung for ASUS's infringement of the '313 Patent, and such damages be trebled under 35 U.S.C. § 284 and awarded to SEC, with pre- and post-judgment interest;

E.      Declare that Samsung has not infringed and does not infringe any claim of the Patents-in-Suit directly, indirectly, literally or under the doctrine of equivalents, or otherwise;

F.      Declare that all claims of the Patents-in-Suit are invalid, and/or correct the inventorship of at least the '878 Patent and assign at least the '878 Patent to Samsung;

G.      Adjudge and decree that this case is an exceptional case under 35 U.S.C. § 285, and award Samsung attorneys' fees, costs, and all expenses incurred in this action;

H.      Award Samsung all actual and compensatory damages;

I.      Award Samsung all equitable relief the Court deems just and proper; and

J.      Award Samsung such other and further relief which may be requested and to which it is entitled.

# JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Samsung respectfully demands a trial by jury on all issues so triable in this action.

Date: March 25, 2024

By: */s/ Nicholas Brown*
Richard Edlin
New York Bar No. 2051696
Email: edlinr@gtlaw.com
Thomas D. Pease (pro hac vice)
New York Bar No. 2671741
Email: thomas.pease@gtlaw.com
Vimal M. Kapadia
New York Bar No. 5269543
Email: vimal.kapadia@gtlaw.com
Kathryn E. Albanese
New York Bar No. 5748033
Email: katie.albanese@gtlaw.com
GREENBERG TRAURIG LLP
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

Nicholas A. Brown
California Bar No. 198210
Email: Nicholas.brown@gtlaw.com
GREENBERG TRAURIG LLP
101 Second Street, Suite 2200
San Francisco, CA 94105
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

Stephen M. Ullmer
Colorado Bar No. 52803
Email: ullmers@gtlaw.com
GREENBERG TRAURIG LLP
1144 15th Street, Suite 3300
Denver, CO 80202
Telephone: (303) 572-6579
Facsimile: (303) 572-6500

Melissa R. Smith
State Bar No. 24001351
Email: melissa@gillamsmithlaw.com

GILLAM & SMITH, LLP
303 S Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Counsel for Defendants and Counterclaim-Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America*