**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| **ASUS TECHNOLOGY LICENSING INC. AND CELERITY IP, LLC,** | |
| Plaintiffs, | Civil Action No. 2:23-cv-409 |
| v. | **JURY TRIAL DEMANDED** |
| **SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG RESEARCH AMERICA,** | |
| Defendants. | |
| **SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG RESEARCH AMERICA,** | |
| Counterclaim-Plaintiffs, | |
| v. | |
| **ASUS TECHNOLOGY LICENSING INC., CELERITY IP, LLC, AND ASUSTEK COMPUTER, INC.** | |
| Counterclaim-Defendants. | |

<u>**ASUS TECHNOLOGY LICENSING INC. AND CELERITY IP, LLC'S MOTION TO
DISMISS AND/OR SEVER COUNTERCLAIMS AGAINST ASUSTEK**</u>

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ............................................................................................1

II.    FACTUAL BACKGROUND .........................................................................2

III.    SAMSUNG'S CLAIMS AGAINST ASUSTEK HAVE NO PLACE IN THIS CASE ............................................................................................................3

    A.    Samsung's Counterclaims III-XII Against ASUSTeK Should Be Dismissed For Lack Of Subject Matter Jurisdiction ...........................3

    B.    Samsung's Counterclaim I Against ASUSTeK Should Be Dismissed ...........................4

        1.    Counterclaim I Is Facially Inadequate As To ASUSTeK...............4

        2.    Alternatively, Samsung's Counterclaim I Against ASUSTeK Should Be Dismissed Pursuant To Rule 21 ......................7

    C.    Samsung's Counterclaim II Should Be Severed Pursuant To Rule 21 .........................11

        1.    The Infringement Counterclaim Does Not Arise Out of the Same Transaction or Occurrence and Does Not Present Common Issues...........................12

        2.    The Infringement Counterclaim Involves Different Witnesses and Documentary Evidence...........................14

        3.    Severance Will Promote Judicial Economy While Avoiding Prejudice ...........................15

IV.    CONCLUSION ...........................................................................................16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Acevedo v. Allsup's Convenience Stores, Inc.*,
  600 F.3d 516 (5th Cir. 2010)...............................................................................................9, 10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..............................................................................................................5, 6

*Barchock v. CVS Health Corp.*,
  886 F.3d 43 (1st Cir. 2018) ......................................................................................................6

*Barrett Computer Services, Inc. v. PDA, Inc.*,
  884 F.2d 214 (5th Cir. 1989)....................................................................................................4

*CGI Logistics, LLC v. Martinez*,
  No. 5:23-CV-43, 2023 WL 6615364 (S.D. Tex. Sept. 22, 2023) .............................................7

*Cuvillier v. Taylor*,
  503 F.3d 397 (5th Cir. 2007)........................................................................................... 4, 5, 7

*CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.*,
  896 F. Supp. 505 (D. Md. 1995)..............................................................................................14

*Ferrer v. Chevron Corp.*,
  484 F.3d 776 (5th Cir. 2007)....................................................................................................6

*G+ Commc'ns, LLC v. Samsung Elecs. Co.*,
  No. 2:22-CV-00078-JRG, 2024 WL 233222 (E.D. Tex. Jan. 22, 2024) ..................................8

*G+ Commc'ns, LLC v. Samsung Elecs. Co.*,
  No. 2:22-CV-00078-JRG, 2024 WL 83505 (E.D. Tex. Jan. 8, 2024) ...................................5, 9

*Harris Corp. v. Huawei Device USA, Inc.*,
  2019 WL 8135570 (E.D. Tex. June 12, 2019) (Gilstrap, J.) .........................................*passim*

*Hayes v. Miller*,
  341 F. App'x 969 (5th Cir. 2009) ...........................................................................................11

*Hernandez v. Moore*,
  326 F. App'x 878 (5th Cir. 2009) ............................................................................................6

*Holcomb v. Gregg Cnty. Jail*,
  2019 WL 6318988 (E.D. Tex. Sept. 18, 2019) ......................................................................11

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
   2016 WL 7191855 (E.D. Tex. Jul. 11, 2016) ...........................................................................11, 13, 16

*Jebaco, Inc. v. Harrah's Operating Co.*,
   587 F.3d 314 (5th Cir. 2009)...................................................................................................................6

*Life Partners Inc. v. United States*,
   650 F.3d 1026 (5th Cir. 2011) .................................................................................................................4

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 (2007)..................................................................................................................................4

*MHL Tek, LLC v. Gen. Motors Corp.*,
   622 F. Supp. 2d 400 (E.D. Tex. 2009) ...................................................................................................3

*In re Nintendo Co., Ltd.*,
   544 F. App'x 934 (Fed. Cir. 2013) ........................................................................................................10

*Optis Wireless Tech., LLC v. Huawei Device USA, Inc.*,
   No. 2:17-CV-00123-JRG, 2019 WL 1244707 (E.D. Tex. Mar. 18, 2019) ........................................8

*In re Rolls Royce Corp.*,
   775 F.3d 671 (5th Cir. 2014).................................................................................................................11

*Roy-G-Biv Corp. v. Fanuc Ltd.*,
   2009 WL 10677443 (E.D. Tex. Apr. 14, 2009) ............................................................................ 13, 16

*Sorrels Steel Co., Inc. v. Great Sw. Corp.*,
   906 F.2d 158 (5th Cir. 1990).................................................................................................................7

*Spine Sols., Inc. v. Medtronic Sofamor Danek USA, Inc.*,
   620 F.3d 1305 (Fed. Cir. 2010)..............................................................................................................4

*In re Taasera Licensing LLC, Pat. Litig.*,
   2023 WL 2917650 (E.D. Tex. Mar. 15, 2023)......................................................................................4

*Tex. Farmers Ins. Co. v. La.-Pac. Corp.*,
   321 F.R.D. 561 (E.D. Tex. 2017).........................................................................................................11

*United States v. Team Fin., L.L.C.*,
   No. 2:16-CV-00432-JRG, 2019 WL 3943958 (E.D. Tex. Aug. 21, 2019) ........................................6

*USAA v. PNC*,
   Case No. 2:20-cv-00319-JRG, Dkt. 515 ...................................................................................... 13, 15

**Statutes**

28 U.S.C. § 2201(a) .......................................................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 1 ....................................................................................................................16

Fed. R. Civ. P. 12 ....................................................................................................................1

Fed. R. Civ. P. 12(b)(1) ...........................................................................................................3

Fed. R. Civ. P. 13(h) ................................................................................................................7

Fed. R. Civ. P. 19(a)(1)(A) ......................................................................................................7

Fed. R. Civ. P. 19(a)(1)(B) ......................................................................................................7

Fed. R. Civ. P. 20(a)(2) ............................................................................................................9

Fed. R. Civ. P. 21 ...........................................................................................................1, 7, 11

Rule 12(b)(6) ............................................................................................................................7

Rule 19 ..................................................................................................................................7, 9

Rule 20 ....................................................................................................................7, 9, 10, 11

U.S. Constitution Art. III, § 2, cl. 1 ........................................................................................3

## I.      INTRODUCTION

Plaintiffs and counterclaim defendants ASUS Technology Licensing Inc. ("ATL") and Celerity IP, LLC ("Celerity") (collectively "Plaintiffs") respectfully move to dismiss Defendants' (collectively, "Samsung" or "Defendants") counterclaims for declaratory judgment of non-infringement/invalidity, and for the alleged breach of FRAND, against third-party ASUSTeK Computer, Inc. ("ASUSTeK") pursuant to Federal Rule of Civil Procedure 12 and/or 21, and sever Samsung's counterclaim for patent infringement against ASUSTeK pursuant to Federal Rule of Civil Procedure 21.

Samsung's attempt to inject ASUSTeK into this case is improper.  Its claims for declaratory judgment of non-infringement/invalidity and alleged breach of FRAND are facially improper as to ASUSTeK, and its counterclaim for infringement of a Samsung patent has no connection to this case. The claims against ASUSTeK should thus be dismissed or severed for at least the following reasons:

- ASUSTeK is neither the owner nor exclusive licensee of Plaintiffs' Asserted Patents, Samsung therefore lacks standing to assert declaratory judgment of non-infringement/invalidity claims against ASUSTeK as to those patents.

- ASUSTeK had no decision-making authority related to the Asserted Patents in pre-suit negotiations and is no longer the owner of the Asserted Patents; Samsung's claims relating to alleged bad faith in negotiations is therefore facially not plausible as to ASUSTeK.

- The patent Samsung asserts against ASUSTeK (and only ASUSTeK) concerns an entirely different technology (WiFi) against entirely different products (personal computers) and does not share sufficient common issues with any other claims in this case to support its appendage.

- Injecting an entirely new foreign party (ASUSTeK) that is not the owner or exclusive licensee to any of the Asserted Patents, whom until a few days ago Samsung had not even attempted to serve, and which is not a proper party to this case, would be prejudicial to the timely adjudication of Plaintiffs' claims.

## II.     FACTUAL BACKGROUND

Plaintiffs are asserting five patents ("the Asserted Patents") against various Samsung phones, tablets and wearables that implement and practice 4G and 5G wireless technologies.  Dkt. 27 at ¶¶ 27-28, Counts I-V.  Plaintiffs also assert a claim for declaratory judgment that Plaintiffs complied with ETSI obligations and competition law, and that Samsung did not.  Dkt. 27 at Count VI.  Celerity is the exclusive licensee of the Asserted Patents.  Dkt. 27 at ¶ 23.  ATL is and was the owner by assignment of each Asserted Patent at the time Plaintiffs' claims on that patent were filed.  Exs. A-E.

Samsung asserts several counterclaims, naming third party ASUSTeK as a defendant to each. Dkt. 38 at Counterclaim Counts I-XII.  Most of Samsung's counterclaims are mirror images of Plaintiffs' claims.  First, Samsung pleads claims for declaratory judgment of non-infringement and invalidity of each of the Asserted Patents.  Dkt. 38 at Counterclaim Counts III-XII (the "Declaratory Judgment Counterclaims").  Second, Samsung pleads a claim for breach of obligation to negotiate in good faith asserting that Plaintiffs and ASUSTeK, not Samsung, breached their ETSI obligations. Dkt. 38 at Counterclaim Count I (the "ETSI Counterclaim").  However, Samsung also pleads one entirely unrelated counterclaim: Samsung asserts that ASUSTeK infringes Samsung's U.S. Patent No. 9,913,313 (the "'313 Patent" or the "Samsung Patent") (the "Infringement Counterclaim").  Dkt. 38 at Counterclaim Count II. The Infringement Counterclaim is *only* asserted against ASUSTeK.  Samsung does not assert that either of the original plaintiffs, ATL or Celerity, infringe the Samsung Patent.

Samsung's infringement contentions assert that ASUSTeK infringes by "making, using, selling, and offering to sell, and importing into the United States products that support the Wi-Fi Direct or the Wi-Fi P2P specification."  Ex. F at 2-3.  Each product Samsung accuses of infringement is a personal computer.  Ex. F at 7, 8.  Samsung does not accuse any 4G or 5G technologies of infringement and does not contend its Infringement Counterclaim relates to 4G or 5G technologies.

To date, Samsung has not returned a summons for ASUSTeK.  In fact, Samsung waited 24

days from first pleading its claims against ASUSTeK before emailing Plaintiffs' counsel (who do not currently represent ASUSTeK in this case) asking about a waiver of service. To Plaintiffs' knowledge, Samsung has not even attempted to serve ASUSTeK or contact them about a waiver.[1]

## III.   SAMSUNG'S CLAIMS AGAINST ASUSTEK HAVE NO PLACE IN THIS CASE

Samsung's Counterclaims I, and III-XII against ASUSTeK are facially improper, and its Counterclaim II—a claim of infringement solely against ASUSTeK concerning an unrelated Samsung patent involving unrelated products—has no place in this case because it arises from an entirely separate transaction or occurrence, does not present any common questions of law or fact, would not promote judicial economy, and would result in severe prejudice to Plaintiffs. Samsung's effort to inject ASUSTeK into these proceedings has the effect, regardless of purpose, of complicating Plaintiffs' case and delaying the adjudication of Plaintiffs' claims. Despite filing counterclaims against ASUSTeK on March 4, 2024, Samsung has evidently made no effort to even serve ASUSTeK.

### A.   Samsung's Counterclaims III-XII Against ASUSTeK Should Be Dismissed For Lack Of Subject Matter Jurisdiction

The subject matter jurisdiction of federal courts is limited to cases and controversies. U.S. Constitution Art. III, § 2, cl. 1. "Federal Rule of Civil Procedure 12(b)(1) is the procedural mechanism for challenging a court's subject matter jurisdiction." *MHL Tek, LLC v. Gen. Motors Corp.*, 622 F. Supp. 2d 400, 403 (E.D. Tex. 2009). "The party asserting jurisdiction bears the burden of proof on a 12(b)(1) motion to dismiss." *Life Partners Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011).

The Declaratory Judgment Counterclaims against ASUSTeK are facially improper because ASUSTeK is not the owner or exclusive licensee to any of the Asserted Patents, and "[i]t is well-settled that '[o]nly a patent owner or an exclusive licensee can have constitutional standing to bring an

---

[1] Plaintiffs assume the failure to return proof of summons is because personal jurisdiction and venue do not exist over ASUSTeK and Samsung is waiting as long as possible to avoid facing a motion to dismiss from ASUSTeK on personal jurisdiction and venue grounds.

infringement suit; a non-exclusive licensee does not.'" *Spine Sols., Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1317 (Fed. Cir. 2010).  Because ASUSTeK itself does not have standing to assert infringement of the Asserted Patents, the Court lacks subject matter jurisdiction to hear any Declaratory Judgment Counterclaims of non-infringement or invalidity concerning the Asserted Patents as to ASUSTeK. *See Barrett Computer Services, Inc. v. PDA, Inc.*, 884 F.2d 214, 220 (5th Cir. 1989); 28 U.S.C. § 2201(a); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007).

This Court recently considered the exact issue of whether it has subject matter jurisdiction over declaratory judgment claims against a party who is neither the owner nor exclusive licensee of the asserted patents and held that it does not. *In re Taasera Licensing LLC, Pat. Litig.*, 2023 WL 2917650, at *11 (E.D. Tex. Mar. 15, 2023) (granting motion to dismiss declaratory judgment claims because there was no case or controversy where counterclaim defendant lacked standing to sue for infringement).  In *In re Taasera*, this Court confirmed dismissal is appropriate under such circumstances because "there is no case or controversy since it has no right to the Asserted Patents." *Id.*  The same result should apply here, and Counterclaims III-XII should be dismissed as to ASUSTeK.

## B.   Samsung's Counterclaim I Against ASUSTeK Should Be Dismissed

### 1.   Counterclaim I Is Facially Inadequate As To ASUSTeK

To survive a motion to dismiss for failure to state a claim, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). Factual allegations are taken as true, but legal conclusions are not. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier*, 503 F.3d at 401.

Samsung's Counterclaim I—which alleges breach of the obligation to negotiate in good faith

under an alleged ETSI FRAND commitment—is facially inadequate as to ASUSTeK and should be dismissed for failure to state a claim. To state a claim for an alleged breach of obligation to negotiate in good faith, Samsung must plead some facts that would give rise to a breach by the party the claim is asserted against.  Here, the alleged breach arises from Samsung's assertion that Counterclaim-Defendants "did not seriously engage in discussions with [Samsung] with the aim of concluding an agreement, and instead filed this case without engaging in good faith negotiations."  Dkt. 38 at ¶ 45.  But ASUSTeK did not file this case, had no control over whether this case was filed, and had no control over pre-suit negotiations relating to the Asserted Patents.  Nor did Samsung alleged any such allegations in its complaint. Thus, the **only** allegations that could give rise to Counterclaim I are based on the actions of ATL and Celerity.

Indeed, Samsung's pleading acknowledges that the pre-suit communications relating to licensing were driven by Celerity, not ASUSTeK.  Dkt. 38 at ¶¶ 34-35.  This Court has already held that in the context of ETSI-related claims, "applicable French law—consistent with American principles regarding personal property—does not, in this case, allow imputation of a prior patent owner's conduct to a subsequent owner when determining if the subsequent owner has breached the FRAND commitment regarding standard essential patents (SEPs)."  *G+ Commc'ns, LLC v. Samsung Elecs. Co.*, No. 2:22-CV-00078-JRG, 2024 WL 83505, at *1 (E.D. Tex. Jan. 8, 2024).

The sole allegation that ASUSTeK had anything to do with the licensing discussions is a speculative and unsupported allegation that "[o]n information and belief, ASUS, Celerity, and ATL, were working in concert in the negotiation with Samsung."  Dkt. 38 at ¶ 38.  There are no facts to support this allegation, making it facially implausible and insufficient to support a case or controversy.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted

unlawfully."); *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 318 (5th Cir. 2009) ("factual allegations must be enough to raise a right to relief above the speculative level"); *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) ("We construe the plaintiffs' complaints in the light most favorable to them, accepting all well-pleaded facts as true, but '[w]e do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'"); *United States v. Team Fin., L.L.C.*, No. 2:16-CV-00432-JRG, 2019 WL 3943958, at *7 (E.D. Tex. Aug. 21, 2019) ("The Court will not rely on speculation to reach unwarranted factual inferences or conclusions").

Moreover, with respect to the actual alleged breach of obligation to negotiate in good faith, the only factual allegation Samsung pleads that could plausibly give rise to such a breach is the filing of this lawsuit. But this allegation does not give rise to any claim against ASUSTeK because—as noted above—at the time each of the Asserted Patents was first asserted in this case, ASUSTeK did not own the Asserted Patents, nor was it the exclusive licensee.[2] Nor did ASUSTeK retain any right to make decisions about whether, who or when to sue in these documents. Thus, ASUSTeK had no responsibility for the filing of this case. Accordingly, even accepting Samsung's factual allegations, Samsung's claim against ASUSTeK is facially inadequate and should be dismissed now, at "the point of minimum expenditure of time and money by the parties and the court." *Cuvillier*, 503 F.3d at 401.

## 2. Alternatively, Samsung's Counterclaim I Against ASUSTeK Should Be Dismissed Pursuant To Rule 21

Even assuming Samsung's Counterclaim I passes muster under Rule 12(b)(6) (which it does not), to properly assert it against ASUSTeK in this case Samsung must show ASUSTeK is properly joined under either Rule 19 or 20. Fed. R. Civ. P. 13(h). But ASUSTeK is not a party required to be joined under Rule 19; nor is it a party that should be permissively joined under Rule 20. Therefore,

---

[2] Plaintiffs respectfully request the Court take judicial notice of the assignment records attached as Exs. A-E, which show ATL is the assignee of each Asserted Patent. *See Norris v. Hearst Tr.*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

（）

the court should dismiss the claim against ASUSTeK from this case under Rule 21.

<strong>(a)       ASUSTeK Is Not A Required Party Under Rule 19</strong>

There are two categories of persons properly joined under Rule 19.  The first is where "in that person's absence, the court cannot accord complete relief among existing parties."  Fed. R. Civ. P. 19(a)(1)(A).  The second is a person that "claims an interest relating to the subject of the action" and meets other requirements.  Fed. R. Civ. P. 19(a)(1)(B).  ASUSTeK does not claim any interest relating to the subject of these actions, and therefore would only be properly joined under Rule 19 if complete relief could not be accorded without ASUSTeK.

The Court can grant complete relief as to Samsung's ETSI Counterclaim among the originally named parties (the Plaintiffs) because Samsung only seeks monetary relief, and a declaration that "Counterclaim Defendants have not complied with their obligation to act in good faith during their negotiations with Samsung with respect to FRAND terms for a license to the parties' essential patents."  Dkt. 38 at ¶ 48.  Neither requires ASUSTeK's participation because ASUSTeK does not own the patents nor have a right to license them.  Hilyard Decl. ¶ 5.

First, the requested monetary relief is not unique to ASUSTeK and could be provided by ATL and/or Celerity. *See Sorrels Steel Co., Inc. v. Great Sw. Corp.*, 906 F.2d 158, 168 (5th Cir. 1990) (when complete relief, including damages, can be provided, absent person is not indispensable); *CGI Logistics, LLC v. Martinez*, No. 5:23-CV-43, 2023 WL 6615364, at *4 (S.D. Tex. Sept. 22, 2023) ("if Fast Logistik and Martinez are found liable, Plaintiff CGI will be able to recover the full amount of damages from Fast Logistik and Martinez. . . . Accordingly, Defendants fail to show that, in Rone Transportes' absence, the Court cannot accord complete relief among the existing parties.").

Second, with respect to the requested declaration, it is well settled that "[a] court cannot issue a declaratory judgment to render an advisory opinion on 'what the law would be upon a hypothetical set of facts.'" *Optis Wireless Tech., LLC v. Huawei Device USA, Inc.*, No. 2:17-CV-00123-JRG, 2019 WL

1244707, at *6 (E.D. Tex. Mar. 18, 2019).  For the Court to issue a declaratory judgment, it must be related to some case or controversy between the parties.  *Id.*

The requested declaration is not relevant to any case or controversy between ASUSTeK and Samsung.  Samsung pleads that the requested declaration pertains to the "ETSI FRAND commitment." Dkt. 38 at ¶ 43.  This Court recently examined the ETSI FRAND commitment and obligations that arise from it and explained that "***SEP holders*** maintain an obligation to license its SEPs on FRAND terms and to negotiate toward such licenses in good faith." *G+ Commc'ns, LLC v. Samsung Elecs. Co.*, No. 2:22-CV-00078-JRG, 2024 WL 233222, at *6 (E.D. Tex. Jan. 22, 2024).  The Court explained that "[t]his obligation is irrevocable, and thereafter runs with the patent," and the result of a breach is that "the other party's obligation to continue negotiations is suspended." *Id.*  The impact of Samsung's requested declaration would therefore simply be that Samsung is no longer obligated to continue negotiations in good faith itself, and that breach would run with the patent. *Id.*

This declaration would not relate to ASUSTeK because, even assuming the Asserted Patents are SEPs, ASUSTeK is not the SEP holder.  A declaration providing Samsung need not negotiate in good faith would thus not relate to any case or controversy between ASUSTeK and Samsung.

Further, to the extent there was any breach by Celerity while ASUSTeK was the patent owner, Celerity is already a party to this case.  If the Court finds there was a breach and issues the requested declaration, this "runs with the patent" and therefore would have the same effect regardless of whether or not the declaration is issued with respect to Celerity or Celerity *and* ASUSTeK.

Because complete relief as to the ETSI Counterclaim can be accorded without ASUSTeK's participation, and a declaratory judgment of breach of obligation as to ASUSTeK would be an advisory opinion, ASUSTeK is not a necessary party under Rule 19.

### (b)     ASUSTeK Is Not Properly Joined Under Rule 20

As ASUSTeK is not a required party pursuant to Rule 19, ASUSTeK would only be an

appropriate party to the ETSI Counterclaim if it could be permissively joined under Rule 20.  Rule 20 provides that "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

To resolve Counterclaim I, the ***only*** questions that will arise are whether Celerity's actions during negotiations, or Celerity's and ATL's actions in filing this case, give rise to a breach of obligation to negotiate in good faith.  Samsung implicitly admits this by explaining Celerity was driving negotiations.  Dkt. 38 at ¶¶ 34-35.  As discussed above, ASUSTeK had no control over or decision-making authority relating to the Asserted Patents in the negotiations, Hilyard Decl. ¶¶ 2-4, and Celerity's actions are not attributable to ASUSTeK.  *G+ Commc'ns*, 2024 WL 83505, at *1.  Accordingly, there are ***no*** questions relating to ASUSTeK that will arise in resolving Counterclaim I, and ASUSTeK is not properly joined under Rule 20.

However, even if Samsung could show ASUSTeK meets the statutory requirements under Rule 20 (which they cannot), the Court should exercise its discretion to dismiss ASUSTeK from Counterclaim I.  *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 522 (5th Cir. 2010) ("district courts have considerable discretion to deny joinder when it would not facilitate judicial economy and when different witnesses and documentary proof would be required for plaintiffs' claims.").

It is well settled that joinder is not necessarily appropriate merely because a party ***can*** be joined under Rule 20.  The Rule 20 requirements are "necessary, ***but not sufficient***, conditions for joinder." *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 939 (Fed. Cir. 2013).  Thus, "even if a plaintiff's claims arise out of the same transaction and there are questions of law and fact common to all defendants, 'joinder may still be refused 'in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness.'"  *Id.  See also Acevedo*, 600 F.3d at 521.

Each of these factors weighs against joining ASUSTeK.  First, joining ASUSTeK would be prejudicial because litigating the distinct issue of ASUSTeK's involvement and authority in the pre-suit negotiations would do no more than distract the jury.  The question of ASUSTeK's involvement, which would necessarily need to be resolved in order to resolve Samsung's ETSI Counterclaim against ASUSTeK, would involve witnesses, documentary evidence, and legal arguments that are entirely unrelated from any other claim in the case, and even entirely unrelated to the merits of the actual ETSI Counterclaim.  As discussed above, Samsung pled that Celerity's actions during the negotiations, and Celerity and ATL's actions in filing this case, give rise to the ETSI Counterclaim.  This issue can be resolved without any involvement from ASUSTeK.  If ASUSTeK is joined, it would now need to defend itself by presenting witnesses and evidence at trial that would complicate the issues and distract the jury.  For these reasons, dismissing ASUSTeK is also in the interest of judicial economy, and it would be fundamentally unfair to plaintiffs to complicate their case against Samsung in this manner.

Second, Samsung would not be prejudiced if ASUSTeK was not joined because as discussed above, all Samsung's requested relief can be accorded without ASUSTeK's involvement in the case.

ASUSTeK should therefore not be joined under Rule 20.  Fed. R. Civ. P. 21 ("the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

### C.    Samsung's Counterclaim II Should Be Severed Pursuant To Rule 21

Federal Rule of Civil Procedure 21 permits a court to sever any claim against a party.  "A district court is afforded 'broad discretion to sever issues to be tried before it.'" *Harris Corp. v. Huawei Device USA, Inc.*, 2019 WL 8135570, at *2 (E.D. Tex. June 12, 2019) (Gilstrap, J.) (quoting *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994)). The factors guiding this discretion include "(1) whether the claims arose out of the same transaction or occurrence, (2) whether the claims present common questions of law or fact, (3) whether settlement or judicial economy would be promoted, (4) whether prejudice would be averted by severance, and (5) whether different witnesses and

documentary proof are required." *In re Rolls Royce Corp.*, 775 F.3d 671, 675 n.6 (5th Cir. 2014). A touchstone of the severance inquiry is whether litigating the claims separately would be fairer and more efficient for the parties, the jury, and the Court. *See Huawei Techs. Co. v. T-Mobile US, Inc.*, 2016 WL 7191855, at *1 (E.D. Tex. Jul. 11, 2016). "Severance is especially appropriate if trying claims together would confuse the jury." *Holcomb v. Gregg Cnty. Jail*, 2019 WL 6318988, at *2 (E.D. Tex. Sept. 18, 2019), *report and recommendation adopted*, 2019 WL 6310968 (E.D. Tex. Nov. 25, 2019).

Here, all five considerations confirm that severance would be significantly fairer and more efficient.  Plaintiffs respectfully requests that the court sever the unrelated Infringement Counterclaim to preserve judicial economy, assist the jury, and avoid prejudice and delay.

### 1. The Infringement Counterclaim Does Not Arise Out of the Same Transaction or Occurrence and Does Not Present Common Issues

There can be no dispute that Samsung's Infringement Counterclaim does not arise out of the same transaction or occurrence as any other claim asserted in this case.  Nor does it involve common issues.  Indeed, there appears to be essentially **no** overlap in factual issues.

As discussed above, Plaintiffs' claims concern a) Samsung's infringement of the Asserted Patents through the use of certain 4G and 5G technologies; and b) pre-suit negotiations relating to the Asserted Patents.  Samsung's Infringement Counterclaim has no relation to either at least because it is not asserted against either ATL or Celerity, and the alleged infringement has nothing to do with 4G or 5G wireless technologies.  The question of whether ASUSTeK infringes the Samsung Patent is therefore entirely separate from any questions relating to any other claim in this case.

**First**, there is no overlap as to questions of infringement.  Plaintiffs ATL and Celerity's claims against Samsung relate to Samsung's mobile products and their implementation of 4G and/or 5G wireless technologies.  Dkt. 27 at ¶¶ 27-28.  Samsung's claim for infringement against ASUSTeK relates to its "personal computers" and their implementation of the "Wi-Fi Direct or Wi-Fi P2P specification."  Ex. A at 8.  Nothing about Samsung's Infringement Counterclaim, from the category

of accused products to the technological field itself, is related to Plaintiffs' claims for infringement.

*Second*, there is no overlap as to questions of validity.  While the parties have yet to exchange invalidity contentions, it is evident from a cursory review of the pleadings and patents that the technologies are so disparate, there will be no common questions of validity.  For example, not a single reference cited on the face of the Samsung Patent is cited by *any* of Plaintiffs' Asserted Patents.

*Third*, there is no overlap as to questions of damages.  Samsung does not contend that the Samsung Patent contributes any value to what Plaintiffs accused of infringing Plaintiffs' Asserted Patents.  Even to the extent that certain of Samsung's Accused Products practice the asserted Samsung patent, it would only practice the Samsung patent in its implementation of certain Wi-Fi Specifications.  This has no bearing on damages resulting from the implementation of 4G/5G wireless technology.

*Fourth*, there is no overlap as to questions pertaining to the pre-suit negotiations relating to the Asserted Patents.  There is no allegation that the Samsung Patent was discussed as part of the pre-suit negotiations.  The Samsung Patent is also unrelated to 4G/5G wireless technology, and therefore will not share any common questions relating to alleged ETSI obligations.

In sum, but for the inclusion of this unrelated Infringement Counterclaim, the jury would not hear *anything* relating to ASUSTeK's alleged infringement of the Samsung Patent.  "Trying . . . technologically disparate patents in one case creates no efficiency gains" because a "fact-finder's understanding of one patent will not inform her understanding of the other patent."  *Huawei*, 2016 WL 7191855, at *2-3; *see also Harris*, 2019 WL 8135570, at *3 (same) (*quoting Huawei*); *see also Roy-G-Biv Corp. v. Fanuc Ltd.*, 2009 WL 10677443, at *1 (E.D. Tex. Apr. 14, 2009) ("Given the different technology embodied in Defendants' patents, this Court believes that a severance would simplify an already complex matter."); *USAA v. PNC*, Case No. 2:20-cv-00319-JRG, Dkt. 515 at 2; Dkt. 537 ("Expanding the scope of the technologies presented to the jury adds unnecessary complexity to an already complex matter, thereby increasing the risk of jury confusion.").

*Harris* highlights the propriety of severance here.  In *Harris*, the plaintiff alleged that Huawei infringed patents related to network management and security for wireless networks.  Shortly after discovery began, Huawei filed counterclaims for infringement of patents related to Ethernet and LTE networks.  2019 WL 8135570, at *1.  This Court granted Harris' motion to sever. *Id.* at *2.  The Court found that, although all generally directed to networks, "[t]he Harris Patents and the Huawei Patents do not share similar technologies," so "a fact-finder's understanding of any one of the Harris Patents will not inform her understanding of the Huawei Patents, and vice versa."  *Id.*  Thus, "adding the complexity of the Huawei Patents to the factual considerations that the fact-finder would already be tasked with as to the Harris Patents risks jury-confusion."  *Id.*

The same considerations strongly favor severance in this case. The jury's understanding of wireless technology, specifically as it relates to 4G and 5G as addressed by Plaintiffs' patents, would not inform its understanding of the Samsung Patent (which is titled "Method for Using Legacy Wi-Fi and Wi-Fi P2P Simultaneously" and Samsung admits only allegedly reads on Wi-Fi technology).  As discussed in more detail below, the case for severance is even ***stronger*** here than in *Harris*, because Samsung's counterclaim is not even asserted against the Plaintiffs.

### 2.      The Infringement Counterclaim Involves Different Evidence

Injecting the Samsung Patent into this case would substantially expand the scope of the case. Not only does the Samsung Patent relate to an entirely different technological field, but Samsung's Infringement Counterclaim is ***only*** asserted against third-party ASUSTeK.  But for Samsung's counterclaims, ASUSTeK would not be a party to this action.

The Infringement Counterclaim would involve a new party (ASUSTeK); new witnesses (at minimum the inventors on the Samsung patent, and ASUSTeK witnesses knowledgeable about the accused ASUSTeK products); and new documents (such as Wi-Fi specifications, patents and publications that are prior art to the Samsung Patent, and technical documents relating to the accused

ASUSTeK products). Between Plaintiffs' Asserted Patents and the Samsung Patent, there are no overlapping inventors, no overlapping technology, and the categories of accused products are entirely different. If the Infringement Counterclaim is severed, the evidence required to litigate that claim would not be part of the case at all, which weighs in favor of severance. *CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.*, 896 F. Supp. 505, 506 (D. Md. 1995) (severing infringement counterclaim because resolving it would involve "analysis of different file histories, specifications, inventors, and possibly different expert witnesses" than would be involved in the plaintiff's infringement claim).

### 3.     Severance Will Promote Judicial Economy While Avoiding Prejudice

This case is the prototypical example of where severance would promote judicial economy. Samsung's patent is directed toward a disparate technology and is asserted against a new party. There is a high risk that trying all of Plaintiffs' patents and Samsung's patents in one case will be confusing, inefficient, and prevent Plaintiffs from receiving a fair trial on their claims against Samsung. *Harris*, 2019 WL 8135570, at *2 ("adding the complexity of the Huawei Patents to the factual considerations that the fact-finder would already be tasked with as to the Harris Patents risks jury confusion.").

Indeed, this Court has severed counterclaims for infringement of a patent relating to disparate technology, even where that patent is asserted ***against the original plaintiff***. *See e.g.*, *USAA v. PNC*, Case No. 2:20-cv-00319-JRG, Dkt. 515 at 2; Dkt. 537 (severing counterclaims for patent infringement, finding that "that severance of the trials is proper and in the interest of justice," "[c]onsidering little technological overlap, little witness overlap, and the benefits of reduced risk of jury confusion."). In *USAA*, this court recognized that should the claims be tried together, "there is a strong likelihood the parties' respective patent rights may be prejudiced" because "[e]xpanding the scope of the technologies presented to the jury adds unnecessary complexity to an already complex matter, thereby increasing the risk of jury confusion." *Id.* Here, where Samsung's infringement claim is not even being asserted against the original plaintiffs (Celerity and ATL), the case for severance is even more compelling.

Moreover, unlike in *USAA*, where PNC argued there was technological overlap between the claims, here Samsung is asserting a patent that allegedly reads on features of an entirely unrelated technological standard against third party products that are not currently at issue in this case.  Presenting this claim would require not only teaching the jury an entirely separate set of terminology and technology but introducing the jury to an entirely new party and an entirely new set of products.

Where, as here, the counterclaim patents are "technologically disparate" there are "no efficiency gains" in maintaining a combined action.  *Huawei*, 2016 WL 7191855, at *1.  In *Harris*, for instance, this Court explained that technological differences between patents typically "necessitate[] different witnesses, experts, and documentary proof to resolve the parties' respective disputes."  *Harris*, 2019 WL 8135570, at *2.  Here, similarly, introducing a new party (ASUSTeK) and new technology (Wi-Fi) would overly complicate the proceedings and make trial unwieldy.

Further, severance will not prejudice Samsung.  Samsung has owned the '313 Patent since it issued on March 6, 2018.  Dkt. 38-01.  Samsung's infringement allegations are based on public information about products ASUSTeK has had on the market for years.  *See generally* Ex. F.  The only plausible reason Samsung is asserting this claim now, in this case, is to inject confusion into this proceeding.  Samsung would not be prejudiced in having its Infringement Counterclaim against an unrelated party on unrelated technology, that it could have brought years ago, tried separately.  *Roy-G-Biv*, 2009 WL 10677443, at *1 ("Defendants' delay in bringing their counterclaims created a situation in which discovery and claim-construction on both parties' patents could not proceed simultaneously without drastic modification of this Court's Docket Control Order").

## IV.    CONCLUSION

Here, dismissing or severing the counterclaims against ASUSTeK will wholly "secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  Plaintiffs thus respectfully request the Court dismiss or sever Samsung's Counterclaims as to ASUSTeK.

DATED:  April 2, 2024.                Respectfully submitted,

                                      /s/ Robert Christopher Bunt
                                      Robert C. Bunt
                                      Texas State Bar No. 00787165
                                      rcbunt@pbatyler.com
                                      **PARKER, BUNT & AINSWORTH, P.C.**
                                      100 E. Ferguson, Suite 418
                                      Tyler, Texas 75702
                                      Tel:  (903) 531-3535

                                      Jason Sheasby
                                      California State Bar No. 205455
                                      (*pro hac vice* to be filed)
                                      jsheasby@irell.com
                                      Rebecca Carson
                                      California State Bar No. 254105
                                      (*pro hac vice*)
                                      rcarson@irell.com
                                      Christopher Abernethy
                                      California State Bar No. 275986
                                      (*pro hac vice*)
                                      cabernethy@irell.com
                                      Tony Rowles
                                      California State Bar No. 301209
                                      (*pro hac vice*)
                                      trowles@irell.com
                                      Benjamin Manzin-Monnin
                                      California State Bar No. 325381
                                      (*pro hac vice*)
                                      bmonnin@irell.com
                                      Jordan Nafekh
                                      California State Bar No. 328151
                                      (*pro hac vice*)
                                      jnafekh@irell.com
                                      Russell Hoover
                                      California State Bar No. 334913
                                      (*pro hac vice*)
                                      rhoover@irell.com
                                      **IRELL & MANELLA LLP**
                                      1800 Avenue of the Stars, Suite 900
                                      Los Angeles, CA 90067-4276
                                      Tel:  (310) 277-1010

Jamie H. McDole
  State Bar No. 24082049
Phillip B. Philbin
  State Bar No. 15909020
Michael D. Karson
  State Bar No. 24090198
Miranda Y. Jones
  State Bar No. 24065519
Grant Tucker
  State Bar No. 24121422
Matthew L. Vitale
  State Bar No. 24137699
WINSTEAD PC
2728 N. Harwood Street
Suite 500
Dallas, Texas 75201
Tel.: 214.745.5400
Fax: 214.745.5390
Email: jmcdole@winstead.com
       pphilbin@winstead.com
       mkarson@winstead.com
       mjones@winstead.com
       gtucker@winstead.com
       mvitale@winstead.com

**ATTORNEYS FOR PLAINTIFFS
ASUS TECHNOLOGY LICENSING INC.
AND CELERITY IP, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on April 2, 2024.

/s/ Robert Christopher Bunt
Robert Christopher Bunt

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Plaintiffs has meet and conferred with counsel for Defendants as requirement in Local Rule CV-7(h).  Defendants are opposed to the above motion.

/s/ Robert Christopher Bunt
Robert Christopher Bunt