IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ASUS TECHNOLOGY LICENSING INC. AND CELERITY IP, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG RESEARCH AMERICA,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG RESEARCH AMERICA,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>ASUS TECHNOLOGY LICENSING INC., CELERITY IP, LLC, AND ASUSTEK COMPUTER, INC.<br><br>Counterclaim-Defendants. | Civil Action No. 2:23-cv-409<br><br>**JURY TRIAL DEMANDED**<br><br>**PUBLIC VERSION ECF 57** |

**ASUS TECHNOLOGY LICENSING INC. AND CELERITY IP, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR SEVER COUNTERCLAIMS AGAINST ASUSTEK**

11320822

**TABLE OF CONTENTS**

**Page**

I. Severance Of Samsung's Infringement Counterclaim Is Warranted ........................................... 1

II. Samsung's Declaratory Judgment Counterclaims Should Be Dismissed ................................... 2

III. Samsung's ETSI Counterclaim Should Be Dismissed .................................................................. 4

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Acevedo v. Allsup's Convenience Stores, Inc.*,
600 F.3d 516 (5th Cir. 2010) ......................................................................................................5

*Biovail Lab'ys, Inc. v. Torpharm, Inc.*,
2002 WL 31687610 (N.D. Ill. Nov. 26, 2002) ...........................................................................3

*CPI Card Grp., Inc. v. Multi Packaging Solutions, Inc.*,
No. 16-cv-02536-MEH, 2018 WL 3429197 (D. Colo. July 16, 2018) ......................................4

*Evonik Degussa GmbH v. Materia Inc.*,
2013 WL 5488519 (D. Del. 2013) ..............................................................................................3

*G+ Commc'ns, LLC v. Samsung Elecs. Co.*,
No. 2:22-CV-00078-JRG, 2024 WL 233222 (E.D. Tex. Jan. 22, 2024) ....................................5

*Hertz Corp. v. Friend*,
559 U.S. 77 (2010) ..................................................................................................................1, 2

*Life Partners Inc. v. United States*,
650 F.3d 1026 (5th Cir. 2011) ....................................................................................................4

*Optimum Content Protection, LLC v. Microsoft Corp.*,
No. 6:13-cv-741-KNM, 2014 WL 12452439 (E.D. Tex. Aug. 25, 2014) ..................................5

*Procter & Gamble Co. v. Kimberly-Clark Corp.*,
684 F. Supp. 1403 (N.D. Tex. 1987) ..........................................................................................3

*Simmons Bedding Co. v. Leggett & Platt, Inc.*,
No. 11-cv-00232-WMC, 2012 WL 11909449 (W.D. Wis. Mar. 27, 2012) ...............................4

*In re Taasera Licensing LLC, Pat. Litig.*,
2023 WL 2917650 (E.D. Tex. Mar. 15, 2023) ...........................................................................4

Samsung's opposition confirms its claims against ASUSTeK have no place in this case. Samsung first attempts to sidestep the inadequacies of its pleading by arguing Plaintiffs lack standing to challenge it. Samsung is wrong, but regardless, this is a red herring. Plaintiffs requested **severance** of certain Samsung counterclaims against ASUSTeK, including Samsung's claim for infringement of an unrelated Samsung patent. Samsung's standing arguments are irrelevant to Plaintiffs' request for severance. As to the other counterclaims, the Court should dismiss for lack of **subject matter jurisdiction**. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Samsung's argument that this Court cannot consider this issue thus flies in the face of fundamental constitutional requirements. As to substance, Samsung's entire argument is based on hypothetical facts, speculation, and attorney argument, none of which were included in its pleading or give rise to a claim, and all of which fail to cure the fatal defects in Samsung's pleading.

I.   Severance Of Samsung's Infringement Counterclaim Is Warranted

Samsung fails to identify any evidence that any of the severance factors weigh against granting Plaintiffs' motion.

First, Samsung's argument that its Infringement Claim arises from the same transaction or occurrence because the asserted Samsung patent was ███████████████ misses the point. Opp. at 15. The "transaction or occurrence" that gives rise to a patent infringement claim is the use or sale of an infringing product. *See e.g.*, 35 U.S.C. § 299(a) (joinder of accused infringers only appropriate where claims arise out of same transaction or occurrence "relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process."); *In re EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012) ("Unless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction"). And, because Samsung did not even

allege willfulness based on █████████, any ████████████████ are irrelevant.

Second, Samsung does not provide any meaningful argument that there are common questions of law or fact, or even dispute that different witnesses and documentary proof would be required to adjudicate its claim. Instead, Samsung only argues it is "premature" to evaluate these factors. Samsung is wrong. It takes no more than a cursory read of the pleadings to discern that there is no overlap between the accused technologies. Plaintiffs' claims relate to 4G/5G technology, whereas Samsung's claim relates to Wi-Fi. ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████

Finally, as to judicial economy and prejudice, Samsung's arguments make no sense. ASUSTeK's response to Samsung's pleading is not even due until after Samsung's invalidity contentions are due, and it is thus infeasible for Samsung's Infringement Claim to proceed on the same schedule. *See* Dkt. 44 (Docket Control Order, invalidity contentions due July 2, 2024); Dkt. 53 (Waiver, ASUSTeK's response to Samsung's third-party complaint due July 4, 2024). Samsung should not be allowed to use its delay in serving ASUSTeK as a litigation tactic to force a continuance on Plaintiffs' claims. Samsung's unsupported attorney argument that severing its claim will "expand the scope of discovery" is also wrong. Given the lack of common issues, facts, documents or witnesses, there is no reason to believe that litigating the cases as part of one suit would result in any economy.

## II. Samsung's Declaratory Judgment Counterclaims Should Be Dismissed

Samsung's procedural argument that the Court cannot consider subject matter jurisdiction at this junction is incorrect. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz*, 559 U.S. at 94.

As to the merits, Samsung does not identify any **factual** allegations that ASUSTeK owns any

rights the Asserted Patents. Instead, Samsung relies on attorney argument and speculation that ASUSTeK "may" have rights in the Asserted Patents. But "[m]ere conclusory allegations of jurisdiction are not enough; the party pleading jurisdiction 'must allege in his pleading the facts essential to show jurisdiction.'" *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). Samsung's speculation is particularly inadequate where, as here, it is directly contradicted by undisputed, judicially noticeable facts. Plaintiffs attached the assignment agreement for each Asserted Patent to the motion, which indisputably show ASUSTeK transferred all rights and interest in each Asserted Patent to ATL. *See e.g.* Mot. at Ex. A ("irrevocably and unconditionally" granting ATL "all of [ASUSTeK's] right, title, and interest" in the Asserted '878 Patent, "as fully and entirely as the same would have been held and enjoyed by [ASUSTeK] if this Agreement had not been made; together with all claims for damages by reason of [infringement], and the right to sue for and collect damages"); Exs. B-E (using equivalent language to assign all rights in the other Asserted Patents to ATL). There is nothing "murky," Opp. at 9, about ASUSTeK's rights. Courts have repeatedly found near-identical language sufficient to effect a complete assignment, warranting dismissal of counterclaims against a previous assignee. *E.g.*, *Procter & Gamble Co. v. Kimberly-Clark Corp.*, 684 F. Supp. 1403, 1405 (N.D. Tex. 1987) (dismissing claims against prior assignee where the assignment stated "Raychem hereby assigns its entire right, title and interest in and to Said Patents to P & G . . . together with all claims for damages by reason of past infringements of Said Patents, with the right to sue for and collect the same;" because "[t]he plain language . . . clearly indicates that Raychem has divested itself of all ownership rights in the Althouse patent."); *Biovail Lab'ys, Inc. v. Torpharm, Inc.*, 2002 WL 31687610, at *3 (N.D. Ill. Nov. 26, 2002) (similar); *Evonik Degussa GmbH v. Materia Inc.*, 2013 WL 5488519, *2-*5 (D. Del. 2013) (similar).[1]

---

[1] ASUSTeK has even less of an interest than the dismissed parties in each of the above-cited cases. In each of those cases, the previous assignee still owned the patent when the case was filed. Here, ASUSTeK was not the assignee when ATL and Celerity first alleged infringement in a pleading.

Samsung's only other argument is that the Court has subject matter jurisdiction because Plaintiffs' claims are "ultimately traceable" to ASUSTeK. Opp. at 9. But there are no factual allegations that support this argument. Instead, Samsung relies on attorney argument to ask the Court to pierce the corporate veil based on nothing more than the fact that ASUSTeK previously owned the Asserted Patents.[2] The burden of establishing subject matter jurisdiction rests solely with Samsung. *Life Partners Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011). Speculation and attorney argument as to ASUSTeK's rights and control is insufficient. ASUSTeK is neither the assignee nor exclusive licensee of any of the Asserted Patents, ASUSTeK has no standing to assert infringement of the Asserted Patents, and there are no well-pled facts that establish subject matter jurisdiction. Samsung's Declaratory Judgment Counterclaims should thus be dismissed as to ASUSTeK. *In re Taasera Licensing LLC, Pat. Litig.*, 2023 WL 2917650, at *11 (E.D. Tex. Mar. 15, 2023) (Gilstrap, J.) (granting motion to dismiss declaratory judgment claims because "there is no case or controversy since [counterclaim defendant] has no right to the Asserted Patents.").

### III. Samsung's ETSI Counterclaim Should Be Dismissed

Samsung's arguments with respect to the ETSI Counterclaim are also misplaced. Nowhere in Samsung's Opposition does it grapple with the simple fact that, even assuming the Asserted Patents are SEPS subject to ETSI obligations, **ASUSTeK is not the SEP holder**. For all the reasons set out in Plaintiffs' Motion, the Court lacks subject matter jurisdiction over the ETSI Counterclaim because there is no case or controversy between Samsung and ASUSTeK. Indeed, Samsung *still* fails to identify any factual allegations that could give rise to a breach of obligation on behalf of ASUSTeK. The only factual allegation Samsung points to is that ASUSTeK "divided up the ASUS[TeK] patent

---

[2] Samsung's cited cases are inapposite. In *Simmons*, the defendant controlled its subsidiary and engaged in "gamesmanship." 2012 WL 11909449, at *9. In *CPI Card*, the Court found it **did not** have subject matter jurisdiction over previous assignee. 2018 WL 3429197 at *2-5.

portfolio." Opp. at 11. But "dividing up" patents is not a breach of obligation, and Samsung cites no authority to the contrary.

Even if Samsung could properly allege a claim against ASUSTeK (which it cannot), the Court should dismiss or sever the claims against ASUSTeK pursuant to Rule 21. Samsung pays lip service to Rule 20, but fails to discuss **any** of the factors the Court considers in evaluating permissive joinder, *see Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 522 (5th Cir. 2010), effectively conceding that if ASUSTeK is not a required party under Rule 19, it would not be properly joined.

With respect to Rule 19, Samsung attempts to avoid the statutory requirements by simply asserting that ASUSTeK is a necessary party for contract interpretation purposes. Opp. at 12. Samsung is incorrect – its own cited case, *Optimum Content Protection, LLC v. Microsoft Corp.*, explains that the rationale behind this general guidance is to protect the contracting party's interest. No. 6:13-cv-741-KNM, 2014 WL 12452439, at *3 (E.D. Tex. Aug. 25, 2014). Here, Plaintiffs are now the patent owner and exclusive licensee. ASUSTeK has no relevant interest that needs protecting. Further, there are no unique contract interpretation issues that require ASUSTeK's involvement. The contract in question is a standard ETSI declaration the Court has interpreted before. *E.g.*, *G+ Commc'ns, LLC v. Samsung Elecs. Co.*, No. 2:22-CV-00078-JRG, 2024 WL 233222 (E.D. Tex. Jan. 22, 2024).

Rule 19 instructs that a party is indispensable where "the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19. Samsung does not meaningfully dispute complete relief can be accorded without ASUSTeK, and it even acknowledges "Celerity is also bound by ASUSTeK's ETSI Declaration(s)." Opp. at 5. This admission shows why ASUSTeK is not a necessary party. Celerity drove the pre-suit negotiations, Celerity is bound by any declarations ASUSTeK previously signed, and Celerity as the exclusive licensee is the party who would be impacted by Samsung's requested declaration. For these reasons Plaintiffs respectfully request the Court dismiss or sever Samsung's Counterclaims as to ASUSTeK.

DATED: April 23, 2024.                    Respectfully submitted,

/s/      *Rebecca Carson*
Robert C. Bunt
Texas State Bar No. 00787165
rcbunt@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 418
Tyler, Texas 75702
Tel: (903) 531-3535

Jason Sheasby
California State Bar No. 205455
(*pro hac vice* to be filed)
jsheasby@irell.com
Rebecca Carson
California State Bar No. 254105
(*pro hac vice*)
rcarson@irell.com
Christopher Abernethy
California State Bar No. 275986
(*pro hac vice*)
cabernethy@irell.com
Tony Rowles
California State Bar No. 301209
(*pro hac vice*)
trowles@irell.com
Benjamin Manzin-Monnin
California State Bar No. 325381
(*pro hac vice*)
bmonnin@irell.com
Jordan Nafekh
California State Bar No. 328151
(*pro hac vice*)
jnafekh@irell.com
Russell Hoover
California State Bar No. 334913
(*pro hac vice*)
rhoover@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Tel: (310) 277-1010

Jamie H. McDole
   State Bar No. 24082049
Phillip B. Philbin
   State Bar No. 15909020
Michael D. Karson
   State Bar No. 24090198
Miranda Y. Jones
   State Bar No. 24065519

        Grant Tucker
          State Bar No. 24121422
        Matthew L. Vitale
          State Bar No. 24137699
        WINSTEAD PC
        2728 N. Harwood Street
        Suite 500
        Dallas, Texas 75201
        Tel.: 214.745.5400
        Fax: 214.745.5390
        Email:  jmcdole@winstead.com
                  pphilbin@winstead.com
                  mkarson@winstead.com
                  mjones@winstead.com
                  gtucker@winstead.com
                  mvitale@winstead.com

**ATTORNEYS FOR PLAINTIFFS**
**ASUS TECHNOLOGY LICENSING INC.**
**AND CELERITY IP, LLC**

Case 2:23-cv-00409-JRG-RSP   Document 59   Filed 04/30/24   Page 11 of 14 PageID #: 1029

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via email on April 23, 2024.

/s *Jamie H. McDole*
Jamie H. McDole



11320822

- 8 -

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **ASUS TECHNOLOGY LICENSING INC. AND CELERITY IP, LLC,**<br><br>      Plaintiffs,<br><br>  v.<br><br>**SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG RESEARCH AMERICA,**<br><br>      Defendants.<br><br>**SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG RESEARCH AMERICA,**<br><br>      Counterclaim-Plaintiffs,<br><br>  v.<br><br>**ASUS TECHNOLOGY LICENSING INC., CELERITY IP, LLC, AND ASUSTEK COMPUTER, INC.**<br><br>      Counterclaim-Defendants. | Civil Action No. 2:23-cv-409<br><br>**JURY TRIAL DEMANDED** |

**DECLARATION OF REBECCA CARSON IN SUPPORT OF ASUS TECHNOLOGY LICENSING INC. AND CELERITY IP, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR SEVER COUNTERCLAIMS AGAINST ASUSTEK**

11321089.1 01

**DECLARATION OF REBECCA CARSON**

I, Rebecca Carson, declare as follows:

1. I am an attorney at the law firm of Irell & Manella LLP, counsel for Plaintiffs ASUS Technology Licensing Inc., and Celerity IP, LLC. I am a member in good standing of the State Bar of California and have been duly licensed to practice law before all of the courts of the State of California, and have been admitted to practice *pro hac vice* before this Court. I have personal knowledge of the matters set forth in this declaration and, if called as a witness, could testify to its contents.

2. Attached as **Exhibit G** is a true and correct copy of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

Executed on April 23, 2024. I declare under penalty of perjury that the foregoing is to the best of my knowledge and belief.

By: /s/ *Rebecca Carson*
Rebecca Carson

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via email on April 23, 2024.

/s/ *Jordan Nafekh*
Jordan Nafekh

11321089.1 01

- 2 -