# EXHIBIT A-3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ASUS TECHNOLOGY LICENSING INC. and CELERITY IP, LLC, | § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO. 2:23-cv-00409-JRG-RSP |
| v. | § § | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG RESEARCH AMERICA, | § § § § § | |
| *Defendants*. | § § | |

**<u>PROTECTIVE ORDER</u>**

WHEREAS, the Parties believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.    Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing

transcripts) for which such protection is sought, as well as on the cover page of the document. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2.      Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential," "Confidential – Outside Attorneys' Eyes Only," or similar shall receive the same treatment as if designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.      With respect to documents, information or material designated "CONFIDENTIAL, "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing, or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings, and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," both individually and collectively.

4. A designation of Protected Material (i.e., "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Unauthorized or illegal distribution or publication of documents, information, or material without the producing party's permission shall not be deemed a waiver in whole or in part of a claim for confidential treatment of said unauthorized or illegally distributed or published documents, information, or material. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon, irrespective of any other potential remedies provided in Federal Rule of Civil Procedure 26(b)(5)(B). In the event of a disclosure of any Protected Material to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall promptly notify counsel for the producing Party whose Protected Material has been disclosed and shall cooperate in good faith to retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the

3

following persons, except upon receipt of the prior written consent of the designating party,

upon order of the Court, or as set forth herein:

(a)    outside counsel of record in this Action for the Parties;

(b)    employees of such outside counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)    in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action, provided that before access is given such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(d)    up to and including three (3) designated corporate representatives of each of the Parties who are officers or employees of the receiving Party and to whom disclosure is reasonably necessary for the litigation of this Action, provided that before access is given such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A, and except that either Party may in good faith request the other Party's consent to disclose such documents to one or more additional corporate representatives (such request shall identify the additional corporate representatives to whom disclosure is requested), the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e)    outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, and a list of any litigation in connection with which the expert or consultant has offered expert testimony, including through a declaration, report, or testimony (deposition or trial) during the preceding four (4) years, at least ten (10) days before access to the Protected Material is to be given to that consultant or expert. Upon receipt of such disclosure, the producing party may within ten (10) days object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15)

---

[2] For the purposes of this Order, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)    independent litigation support services, including persons working for or as court reporters, stenographers, videographers, translators, graphics or design services, jury or trial consulting services (including mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential), and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(g)    in any CBM or other post-grant proceeding so long as the same protections set forth herein apply to said proceeding;

(h)    the Court and its personnel; and

(i)    any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

6.    A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

7.    Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.    To the extent a producing Party believes that certain Protected Material qualified to be designated "CONFIDENTIAL" is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE." As used herein, "Source Code Material" includes computer instructions, data structures, and data definitions expressed in a form suitable for input into an assembler, compiler, translator, or other data processing module, as well as any programmer notes, annotations, and other comments of any type related thereto and accompanying the code.

9.    For Protected Material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-c) and (e-i); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

10.   For Protected Material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," access to, and disclosure of, such Protected Material shall be governed as follows:

(a)    Access to a Party's Source Code Material shall be provided only on two (2) "stand-alone" computers (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) (the "Source Code Computers"). The Source Code Computers may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10 (h and k) below. Additionally, except as provided in paragraph 10(k) below, the Source Code Computers may only be located at the offices of the producing Party's outside counsel, or one or more other mutually agreeable locations. The parties agree to negotiate in good faith the manner and logistics of making the stand-alone computer available at a deposition

and/or trial upon request from the receiving Party. The stand-alone computer(s) may have disk encryption and be password protected. Use or possession of any input/output device (*e.g.*, USB memory stick, mobile phone or tablet, audio recorder, camera or any camera-enabled device, CD floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code. The producing Party may periodically "check in" on the activities of the receiving Party's representatives during any stand-alone computer review but only to ensure that no unauthorized electronic records of the Source Code Material and no information concerning the Source Code Material are being created or transmitted in any way. The Producing Party may not monitor or record via electronic means the activities of the receiving Party's representatives during any review of Source Code Material. The producing Party shall be entitled to have a person observe all entrances and exits from the Source Code Material viewing room. The producing Party shall initially make Source Code available on at least two Source Code Computers. Upon seven (7) days' notice, the producing Party shall provision the Source Code Computers with tools for reading the Source Code reasonably requested by the reviewing Party. The reviewing Party shall provide the license(s) for the software review tool(s) and either (a) a disk or other media containing such licensed software review tool(s), or (b) instructions to download or otherwise obtain such licensed software tool(s) pursuant to the reviewing Party's license(s);

(b)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e)     Access to Protected Material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be limited to individuals listed in paragraphs 5(a-b) and (e-i) above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document ("Source Code Documents"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and,

if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders, with any source code redacted. Drafts of such pleadings or expert reports, and drafts of demonstratives for a Court hearing, that contain excerpts of Source Code may be stored via a secure file storage system accessible to persons who are entitled to have access to them as specified herein and/or shared via a secure file sharing service between persons who are entitled to have access to them as specified herein;

(f)    To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" or (2) those pages containing quoted Source Code Material will be separately stamped and treated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE";

(g)    No electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically. The receiving Party shall only include such excerpts as are necessary for the purpose for which such part of the Source Code Material is used. Except when included in provision of Source Code Documents under the terms of this Order, images or copies of Source Code Material shall not be included in correspondence between the parties (reference to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The communication and/or disclosure of electronic files containing any portion of Source Code Material shall at all times be limited to individuals who are authorized to see Source Code Material under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE." If Source Code Documents are filed with the Court, they must be filed under seal in accordance with the Court's rules, procedures and orders;

(h)    The producing Party shall ensure that the stand-alone computer(s) include suitable ability to generate electronic PDF documents on the stand-alone computer(s), from which the producing Party may generate hardcopy printouts for production to the receiving Party. Up to 600 pages total, and not more than 25 consecutive pages, or printed source code shall be presumed reasonable. The receiving Party shall be permitted to make a reasonable number of hardcopy printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," but only if and to the extent reasonably necessary considering the claims and defenses at issue in this Action. The receiving Party shall maintain a log of all such files that are printed or photocopied. Within three (3) business days, the producing Party shall provide up to five (5) copy sets of the requested hardcopy printed portions of Source Code on watermarked or colored paper bearing Bates numbers and the legend "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE." The printed pages shall constitute part of the Source

Code produced by the producing Party in this action. At the receiving Party's request, up to two (2) additional sets of printed source code may be requested and shall be provided by the producing Party in a timely fashion. Even within the limits described, the producing Party may challenge the amount of source code requested in hard copy form or whether the source code requested in hard copy form is reasonably necessary to any case preparation activity. Even if outside the limits described, the receiving Party may request additional pages. The parties shall resolve any dispute regarding requests for hard copy printouts of source code pursuant to the dispute resolution procedure and time frame set forth in Paragraph 20. Where the receiving Party requests printouts within the page limit above, and the producing Party challenges whether the requested printouts are reasonably necessary to any case preparation activity, the producing Party is the "designating" Party for purposes of dispute resolution. Where the receiving Party requests printouts beyond the page limit above, the receiving Party is the "designating" party for purposes of dispute resolution. Contested Source Code Printouts do not need to be produced to the receiving party until the matter is resolved by the Court;

(i)    Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" and shall continue to be treated as such;

(j)    If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition), provided that the printouts or photocopies are kept in a secure manner that ensures access is limited to the persons authorized under this Order; and

(k)    A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet other than for the purpose of filing any Source Code Material with the Court or serving such Source Code Material on another party, such as when the Source Code Materials have been incorporated into a Source Code Document.

(l)    The receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. However,

references to specific portions of the code, such as class, method, function, or variable names may be included in an expert's notes and may leave the room. No other written or electronic record of the source code is permitted except as otherwise provided herein. Such notes shall be subject to the same protections and access restrictions as RESTRICTED CONFIDENTIAL SOURCE CODE. A list of names of persons who will review Source Code Material on the standalone computer(s) will be provided to the producing Party in conjunction with any written (including email) notice requesting inspection. Prior to the first inspection of any Source Code Material on the stand-alone computer(s), the receiving Party shall provide five (5) business days' notice to schedule the initial inspection with the producing Party. The receiving Party shall provide three (3) business days' notice in advance of scheduling any additional inspections. Such notice shall include the names and titles for every individual from the receiving Party who will attend the inspection. The producing Party may maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart; The receiving Party's outside counsel shall maintain a log of all copies of the Source Code Printouts (received from a producing Party) that are delivered by the receiving Party to any person and a log of any electronic images of Source Code Material. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the producing Party, the receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the receiving Party and/or person that receives a copy of any portion of the source code; and

(m) All copies of any portion of the Source Code Printouts in whatever form shall be securely destroyed if they are no longer in use. Copies of Source Code Printouts that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

11. If a Receiving Party or person authorized to access the other Party's Protected Material ("Authorized Recipient") discovers any loss of the other Party's Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another the other Party's Protected Material, the Receiving Party or Authorized Recipient shall: (1) promptly stop the unauthorized breach; (2) promptly (within 72 hours) provide written notice to Designating Party of such breach, including information regarding the size and scope of the breach; and (3) investigate and make reasonable efforts to remediate the effects of the breach. In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized

access.

12.     Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit. For the avoidance of doubt, this provision shall not preclude any person (including counsel or experts) who obtains, receives, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order from participating in or representing it in reexamination proceedings, Post-Grant Review proceedings, *Inter Partes* Review proceedings, or Covered Business Method Review proceedings involving the patents-in-suit provided that they do not advise on, consult on, prepare, draft, or edit any amendment to specifications or claims based on those proceedings.

13.     RESTRICTED CONFIDENTIAL SOURCE CODE of another party shall not be disclosed

by a Receiving Party to any person or entity located outside of the United States and shall not be sent, distributed, or otherwise taken to any location outside of the United States. For purposes of a deposition taken in a foreign country, upon the provision of ten (10) business days' notice, the Producing Party shall make its RESTRICTED CONFIDENTIAL SOURCE CODE available at the deposition for use with the witness at the deposition, subject to all other applicable restrictions herein, and the receiving Party's outside counsel may transport its copy or copies of RESTRICTED CONFIDENTIAL SOURCE CODE printout(s) on paper via hand carry. Individuals listed in paragraph 5(b) who are located outside of the United States shall agree to be bound by the terms of this Order by signing the agreement attached hereto as Appendix A before disclosure of material designated CONFIDENTIAL or RESTRICTED – ATTORNEYS' EYES ONLY is made.

14. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall destroy all copies of such documents, information or other material to the producing Party,

except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

15. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

16. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current officer, director or employee of the producing Party ; (v) a Rule 30(b)(6) designee of the producing Party, (vi) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vii) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (viii) court reporters and videographers; (ix) the Court; or (x) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

17. Parties may, provisionally at the deposition or hearing or  finally within  thirty  (30) days  after  receipt  of  a deposition or hearing transcript, designate the deposition or hearing

13

transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. If a party provisionally designates a transcript at the deposition or hearing, then until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as provisionally designated under this Protective Order. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is video recorded, the original and all copies of the video recording shall be marked by the video technician to indicate that the contents of the video recording are subject to this Protective Order, substantially along the lines of "This video recording contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

18.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and

shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19.    This Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court. Subject to any challenge to a particular designation under Paragraph 20, the designating Party may make a reasonable request that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any DESIGNATED MATERIAL.

20.    A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such

application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

22.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

23.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Order.

24.     If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative

16

body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "CONFIDENTIAL –ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" that Party must: (a) promptly notify in writing the designating Party. Such notification shall include a copy of the subpoena or court order; (b) promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order and include a copy of this Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose material designated "CONFIDENTIAL," "CONFIDENTIAL –ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" may be affected. If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "CONFIDENTIAL –ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

25.    Upon final termination of this Action, all persons subject to the terms hereof shall use commercially reasonable efforts to collect and return to the respective parties all DESIGNATED MATERIAL and all copies, excerpts, and summaries thereof within 60

days of final termination of this Action (including any appeals). Alternatively, all persons subject to the terms of this Order may elect to destroy such materials and documents. Notwithstanding the foregoing, Outside Counsel for deponents or each party may retain: one copy of all court pleadings and briefs containing such designated materials; one copy of all deposition transcripts and deposition exhibits containing such designated materials; copies of attorney work product or other documents incorporating or referring to such designated materials; and Outside Counsel's electronic files (which may include electronic file copies of the foregoing listed documents) other than the production sets of documents and things. All such documents retained by Outside Counsel shall remain subject to the terms of this Protective Order. The commercially reasonable efforts contemplated by this paragraph do not require the return or destruction of materials that (a) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (b) are located in the email archive system or archived electronic files of departed employees, (c) are subject to litigation hold obligations, or (d) are otherwise required by law to be retained. The fulfillment of the obligations imposed by this paragraph, whether by return, destruction, or both, shall be certified in writing by the receiving Party within 60 days.

26. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

27.    Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of, or intending to violate, this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

28.    Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

29.    Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery, evidentiary, or trial privilege or objection.

30.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**SIGNED this 17th day of April, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

19

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| ASUS TECHNOLOGY LICENSING INC. and CELERITY IP, LLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG RESEARCH AMERICA, <br><br> *Defendants*. | § § § § § § § § § § § § § § |

CIVIL ACTION NO. 2:23-cv-00409-JRG-RSP

## APPENDIX A
### UNDERTAKING OF EXPERTS OR CONSULTANTS
### REGARDING PROTECTIVE ORDER

I, _____, declare that:

1.    My address is_____.

     My current employer is_____.

     My current occupation is_____.

2.    I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things

designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES

ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY –

SOURCE CODE" that came into my possession, and all documents and things that I

have prepared relating thereto, to the outside counsel for the party by whom I am

employed.

5.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of

the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____